UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH and MATT LOFLAND, | § § § | |
| Individually and on Behalf of Others Similarly Situated, | § § § | Civil Action 4:19-cv-00905 |
| *Plaintiffs*, | § § § | |
| vs. | § § § | JURY DEMANDED |
| CSS CORP., and GLOW NETWORKS, INC., | § § § § | |
| *Defendants*. | § | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**

DEFENDANTS, CSS Corp and Glow Networks, Inc., by and through its undersigned attorneys, pursuant to Rules 8(c) and 12(a) of the Federal Rules of Civil Procedure, hereby files their Answer and Affirmative Defenses to Plaintiffs' Fourth Amended Complaint (the "Complaint") in the above-captioned action as follows:

**I.
ANSWER**

1. Defendants admit that the named Plaintiffs worked as employees of Glow Networks, Inc., a CSS Corp Company. Defendants also admit the Plaintiffs (minus Lofland) are attempting to bring claims for alleged violations of Section 1981 for race discrimination and that

some Plaintiffs are bringing a claim for retaliation. Defendants deny the remaining factual allegations set forth in Paragraph 1 of Plaintiffs' Complaint.[1]

2. Defendants admit that all Plaintiffs except Matt Lofland are attempting to bring claims for race discrimination under 42 U.S.C. § 1981. Defendants deny the remaining factual allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

3. Defendants admit that Plaintiffs Matt Lofland, Adawale Ashiru, Brett Samuels, Paul Tijani, Peter Tijani, Joshua Walker and Osasu William Saigheyisi are attempting to bring claims of retaliation pursuant to 42 U.S.C. § 1981. Defendants deny the remaining factual allegations set forth in Paragraph 3 of Plaintiffs' Complaint.

4. Defendants deny the factual allegations set forth in Paragraph 4 of Plaintiffs' Complaint.

5. Defendants admit Plaintiffs are seeking the relief identified in Paragraph 5 of Plaintiffs' Complaint; however, Defendants deny Plaintiffs are entitled to such relief. Defendants deny the remaining factual allegations set forth in Paragraph 5 of Plaintiffs' Complaint.

6. Defendants admit this Court has jurisdiction over this matter because Plaintiffs have alleged a federal question. Defendants deny the remaining factual allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

7. As to Paragraph 7 of Plaintiffs' Complaint, Defendants admit that venue is proper in this Court but Defendants deny they "reside" in Texas.

---

[1] Defendants deny any factual allegations set forth in the unnumbered introductory paragraph of Plaintiffs' Complaint.

8. Defendants admit that named Plaintiffs worked for Glow Networks in Collin County. Defendants deny the remaining factual allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit the factual allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10. Defendants admit the factual allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit the factual allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

12. Defendants admit the factual allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

13. Defendants admit the factual allegations set forth in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants admit the factual allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants admit the factual allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants admit the factual allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants admit the factual allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18. Defendants admit the factual allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants admit the factual allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants admit the factual allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants admit the factual allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants admit the factual allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

23. As to Paragraph 23 of Plaintiffs' Complaint, Defendant CSS Corp admits it has have been served and has appeared herein.

24. As to Paragraph 24 of Plaintiffs' Complaint, Defendant Glow Network, Inc. admits it has have been served and has appeared herein.

25. Defendants admit the factual allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants admit the factual allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants admit Plantiffs Yarbrough, Green, Vicks, Walker, Brown, Ashiru, Paul Tijani, Peter Tijani, Price, Pringle, Saigheyisi, Samuels, and Ologban are African or African American. Defendants, however, deny the remaining factual allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants admit that Plaintiff Lofland is white. Defendants deny the remaining factual allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the factual allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny the factual allegations set forth in Paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny the factual allegations set forth in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the factual allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the factual allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny the factual allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

35. Defendants deny the factual allegations set forth in Paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny the factual allegations set forth in Paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny the factual allegations set forth in Paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the factual allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the factual allegations set forth in Paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the factual allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the factual allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

42. Defendants deny the factual allegations set forth in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the factual allegations set forth in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the factual allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the factual allegations set forth in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny the factual allegations set forth in Paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny the factual allegations set forth in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the factual allegations set forth in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the factual allegations set forth in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the factual allegations set forth in Paragraph 50 of Plaintiffs' Complaint.

51. Defendants deny the factual allegations set forth in Paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny the factual allegations set forth in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny the factual allegations set forth in Paragraph 53 of Plaintiffs' Complaint.

54. Defendants deny the factual allegations set forth in Paragraph 54 of Plaintiffs' Complaint.

55. Defendants deny the factual allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

56. Defendants deny the factual allegations set forth in Paragraph 56 of Plaintiffs' Complaint.

57. Defendants deny the factual allegations set forth in Paragraph 57 of Plaintiffs' Complaint.

58. Defendants deny the factual allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

59. Defendants deny the factual allegations set forth in Paragraph 59 of Plaintiffs' Complaint.

60. Defendants deny the factual allegations set forth in Paragraph 60 of Plaintiffs' Complaint.

61. Defendants deny the factual allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62. Defendants deny the factual allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63. Defendants deny the factual allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

64. Defendants deny the factual allegations set forth in Paragraph 64 of Plaintiffs' Complaint.

65. Defendants deny the factual allegations set forth in Paragraph 65 of Plaintiffs' Complaint.

66. Defendants deny the factual allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

67. Defendants deny the factual allegations set forth in Paragraph 67 of Plaintiffs' Complaint.

68. Defendants deny the factual allegations set forth in Paragraph 68 of Plaintiffs' Complaint.

69. Defendants deny the factual allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

70. Defendants deny the factual allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

71. Defendants deny the factual allegations set forth in Paragraph 71 of Plaintiffs' Complaint.

72. Defendants deny the factual allegations set forth in Paragraph 72 of Plaintiffs' Complaint.

73. Defendants deny the factual allegations set forth in Paragraph 73 of Plaintiffs' Complaint.

74. Defendants deny the factual allegations set forth in Paragraph 74 of Plaintiffs' Complaint.

75. Defendants deny the factual allegations set forth in Paragraph 75 of Plaintiffs' Complaint.

76. Defendants deny the factual allegations set forth in Paragraph 76 of Plaintiffs' Complaint.

77. Defendants deny the factual allegations set forth in Paragraph 77 of Plaintiffs' Complaint.

78. Defendants admit Plaintiffs have requested a trial by jury in Paragraph 78 of Plaintiffs' Complaint.

79. Defendants deny the factual allegations set forth in Plaintiffs' unnumbered prayer for relief and deny that Plaintiffs are entitled to any of the damages they seek.

## II.
## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiffs, Defendants state the following defenses:

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon relief can be granted.

2. Disparate impact claims are not cognizable under Section 1981.

3. To the extent that any claims asserted in this lawsuit are barred by the applicable statute of limitations, Defendants assert this defense.

4. At all times, Defendants' actions were lawful, justified, and made in good faith.

5. Plaintiffs' claims are not actionable because the challenged employment decisions were justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to race.

6. Neither Plaintiff's race (or other protected class/status), nor any alleged involvement in any activities protected by the applicable statutes, was a motivating factor in any employment decision concerning any Plaintiff, and Defendants would have taken the same actions at the same times in the absence of any alleged impermissible factors.

7. Defendants state that if any of the allegations and unlawful conduct alleged in the Complaint are found to have merit, such acts were not sufficiently severe or pervasive to create an abusive or hostile work environment.

8. Although Defendants deny that Plaintiffs were exposed to a hostile work environment, Defendants exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm.

9. To the extent Plaintiffs complained adequately of allegedly unlawful harassing, discriminatory, or retaliatory actions, Defendants undertook a prompt investigation and made an appropriate remedial response.

10. Some Plaintiffs voluntarily resigned their employments with Defendants and are solely responsible for their separation from Defendants.

11. The Complaint allegations lack reasonable specificity regarding the specific challenged employment practices in connection with the disparate impact claims.

12. The employment practices challenged in the Complaint did not cause the disparate impact as alleged in the Complaint.

13. The employment practices challenged in the Complaint are job-related and consistent with business necessity.

14. Plaintiffs are barred from recovering damages because each Plaintiff has failed to mitigate his alleged damages, including the failure of each Plaintiff to accept work or to exercise diligence in seeking employment.

15. To the extent each Plaintiff has mitigated his damages, Defendants are entitled to offset the amounts each Plaintiff has earned.

16. Plaintiffs' claims for punitive damages fail because Defendants did not act with malice or reckless indifference to Plaintiffs federally protected rights.

17. If any improper, illegal, or discriminatory act was taken by any of Defendants' employee against any Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendants' policies, and was not ratified, confirmed, or approved by Defendants. Thus, any such actions cannot be attributed or imputed to Defendants.

18. Defendants cannot be vicariously liable for discriminatory or retaliatory employment decisions of its managerial agents because those decisions, if any, were contrary to Defendants' good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination and retaliation. Thus, Plaintiffs are not entitled to recover punitive damages.

19. Any imposition of punitive damages would contravene Defendants' constitutional right to substantive and procedural due process of law under the Fifth Amendment of the U.S. Constitution.

20. To the extent that there are any statutory damage caps for any of the claims that Plaintiffs assert, including 42 U.S.C. § 1981a, such caps limit any recoverable damages.

21. Plaintiffs' damages, if any, were caused and/or were solely caused by their own conduct and/or by third parties.

22. Plaintiffs' claims do not arise out of the same transaction or occurrence and do not involve common questions of law or fact. Plaintiffs' claims should not be joined in the same lawsuit.

23. Defendants expressly reserves the right to amend this Answer to assert additional defenses, claims, counterclaims, cross-claims, and/or causes of action that may become appropriate upon investigation or other discovery that may occur during the course of the litigation.

### III.
### CONCLUSION AND PRAYER

WHEREFORE, for the foregoing reasons, Defendants respectfully pray that the Complaint in this action, being utterly without merit, be dismissed in its entirety with an award of attorney's fees and costs assessed against Plaintiffs.

Respectfully submitted,

By: */s/ Rachel Z. Ullrich*
Rachel Z. Ullrich
Texas Bar No. 24003234
RUllrich@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2020 a true and correct copy of the above foregoing instrument was filed with the Clerk of Court by using the CM/ECF system, which automatically serves a copy on all other counsel of record:

*/s/ Rachel Z. Ullrich*
Rachel Z. Ullrich
