IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH, and MATT LOFLAND,   ET AL., | § § § | |
| *Plaintiffs*, | § § | Civil Action 4:19-cv-905 |
| vs. | § § | **JURY DEMANDED** |
| CSS CORP., and GLOW NETWORKS, INC., | § § § § | |
| *Defendants*. | § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE**

TO THE HONORABLE SEAN D. JORDAN:

Plaintiffs Joshua Yarbrough, Matt Lofland, Joshua Walker, Michael Brown, Adawale Ashiru, Paul Tijani, Peter Tijani, Brandon Price, Harom Pringle, and Osasu William Saigheyisi respond to Defendants' motion in limine. The motion should be denied because although the Court has determined that Plaintiffs may not recover damages for hostile work environment claims, the underlying facts of disparate treatment are nevertheless relevant to the remaining discrimination claims.

**Relevant Authority**

- Evidence of discrimination must be considered in light of the totality of the circumstances. *See Bray v. Marriott Hotels*, 110 F.3d 986 (3rd Cir. 1997) (*citing Andrews v. City of Philadelphia*, 895 F.2d 1469, 1484 (3d Cir. 1990) ("A play cannot be understood on the basis of some of its scenes but only on its entire performance, and similarly, a discrimination analysis must concentrate not on individual incidents, but on the overall scenario.")).

- "The "me too" evidence was admissible, under Rule 404(b), to prove the intent of Bagby Elevator to discriminate and retaliate." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1286 (11th Cir. 2008).

- "Though not actionable here, events before June 2015 may serve as relevant background evidence in this appeal. *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (acts not made the basis for a timely charge may constitute relevant background evidence in which the status of a current practice is at issue); *McDonnell Douglas*, 411 U.S. at 804 (other evidence that may be relevant to any showing of pretext includes facts as to the employer's treatment of the employee during the employee's prior term)." *Univ. of Tex. Sw. Med. Ctr. v. Vitetta*, No. 05-19-00105-CV, 2020 WL 5757393, at *14 (Tex. App.—Dallas Sept. 28, 2020, no pet.)

- Evidence of the APD's hostile treatment of and attitude toward Hispanics is probative of whether Polanco was terminated because of his nationality. *See Kelly v. Boeing Petroleum Servs.*, 61 F.3d 350, 358-59 (5th Cir.1995) (acknowledging the probative value of an atmosphere of discrimination). The APD's discriminatory treatment of Hispanic officers and victims has significant bearing on the issue of whether the same discriminatory motive affected the decisions concerning Polanco. Evidence of the discriminatory atmosphere and the biased investigation combined with the rejection of the City's proffered reason support the jury's finding of discrimination. Because sufficient evidence

existed for reasonable, fair-minded factfinders to reach the same [**35] conclusion, we hold that the district court did not err in denying the City's motion for judgment as a matter of law. We, therefore, will not disturb the jury's determination that the City terminated Polanco because of his nationality. *Polanco v. City of Austin*, 78 F.3d 968, 980 (5th Cir. 1996).

- The EEOC recognizes that the Charge filing requirement of Title VII does not bar employee from using prior acts of discrimination for which no charge was timely filed with Equal Employment Opportunity Commission (EEOC) as background evidence in support of timely Title VII claim. Civil Rights Act of 1964, § 706(d)(1), as amended, 42 U.S.C.A. § 2000e–5(e)(1).

If Plaintiffs had not asserted hostile work environment claims, the evidence would have been admissible to show discriminatory intent on the part of the employer at trial. The evidence remains relevant to support the ultimate claims of discrimination and retaliation.

WHEREFORE, Defendants' motion should be denied.

                   Respectfully submitted,

                   */s/ Brian P. Sanford*
                    Brian P. Sanford
                    Texas Bar No. 17630700
                    bsanford@sanfordfirm.com
                    Elizabeth "BB" Sanford
                    Texas Bar No. 24100618
                    esanford@sanfordfirm.com

                                                                           **THE SANFORD FIRM**
                                                                           1910 Pacific Ave., Suite 15400
                                                                           Dallas, TX 75201
                                                                           Ph: (214) 717-6653
                                                                           Fax: (214) 919-0113

                                                                 **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 6, 2022, I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.

                                                                       */s/ Brian P. Sanford*