UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH, ET AL. | § § | |
| v. | § § | CIVIL NO. 4:19-CV-905-SDJ |
| SLASHSUPPORT INC., ET AL. | § § | |

## ORDER

Before the Court is Defendants SlashSupport Inc. and Glow Networks, Inc.'s oral motion for judgment as a matter of law. Plaintiffs orally responded. The Court, having considered the motion, the response, the record, and the applicable law, **GRANTS in part and DENIES in part** the motion.

### I. BACKGROUND

The factual background of this employment discrimination case is detailed in the Court's order on Defendants' motion for partial summary judgment, (Dkt. #89), and the Court will not rehash the facts here. The case proceeded to trial on February 7, 2022. After Plaintiffs rested their case, Defendants made an oral motion for judgment as a matter of law, *see* (Dkt. #108), which the Court denied. The day after the Court heard argument on Defendants' motion, Plaintiffs stipulated that Plaintiff Joshua Walker's constructive discharge-based discrimination claim and retaliation claim should be dismissed. The Court entered an order dismissing those claims. (Dkt. #110).

After Defendants rested their case, Plaintiffs presented a single rebuttal witness and then also rested their case. At that time, Defendants reurged their motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).

Defendants seek judgment as a matter of law on: (1) whether SlashSupport employed Plaintiffs, such that it is a proper party to this lawsuit; (2) Matthew Lofland and Joshua Yarbrough's claims premised on constructive discharge; (3) the race discrimination claims asserted by all Plaintiffs other than Lofland; (4) Lofland, Paul Tijani, Peter Tijani, Osasuyi William Aigheyisi, and Adawale Ashiru's retaliation claims; and (5) Plaintiffs' request for punitive damages.

## II. LEGAL STANDARD

Judgment as a matter of law is only appropriate if, after "a party has been fully heard on an issue during a jury trial[,] . . . the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1). In deciding a motion for judgment as a matter of law, "[a] court reviews all evidence in the record and must draw all reasonable inferences in favor of the nonmoving party; however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury." *Fractus, S.A. v. Samsung Elecs. Co.*, 876 F.Supp.2d 802, 813 (E.D. Tex. 2012). "Although the court must review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co.*, 403 F.Supp.3d 571, 581 (E.D. Tex. 2019) (citing *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001)).

## III. DISCUSSION

For the following reasons, the Court grants Defendants' motion for judgment as a matter of law as to SlashSupport's status as an employer of Plaintiffs, Lofland

and Yarbrough's constructive discharge claims, Ashiru's retaliation claim, and Paul Tijani, Peter Tijani, and Aigheyisi's retaliatory harassment claims.

## A. SlashSupport's Status as an Employer

Defendants argue that Plaintiffs have produced insufficient evidence to support a finding that SlashSupport, Glow's parent company, employed Plaintiffs under either an integrated enterprise or joint employer theory. If SlashSupport did not employ Plaintiffs, it cannot face any liability in this action. *See Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 931 (5th Cir. 2021); *Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 343 (5th Cir. 2005). Plaintiffs elicited evidence that the two companies held themselves out to the public as one company, shared an employee handbook and website, may have shared a benefits program, used the same email domain, and had interrelated boards of directors. Testimony also suggested that Glow human resources relied on SlashSupport's corporate human resources department in India, Glow human resources employees reported to SlashSupport's corporate office in India, there was a SlashSupport officer located at Glow's Richardson office, and Glow's policy documents and offer letters bore CSS Corp.'s[1] name at the top, although the footers of these documents read, "Glow Networks, Inc., a CSS Corp Company."

### i. Integrated enterprise

Under the integrated enterprise doctrine, courts consider four factors to determine whether two entities are a single employer. The factors are:

---

[1] The parties stipulated that CSS Corp. was incorrectly named in this action, and that SlashSupport is the entity that owns 100% of Glow. The parties substituted SlashSupport into this case in place of CSS Corp., and the Court has treated evidence regarding CSS Corp. as evidence regarding SlashSupport in deciding this motion.

(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir. 2002) (citation omitted); *Johnson*, 398 F.3d at 343 (citation omitted). "This analysis ultimately focuses on the question whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation . . ., and all four factors are examined only as they bear on this precise issue[.]" *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997) (citations omitted). The first factor focuses on whether "the parent corporation excessively influenced or interfered with the business operations of its subsidiary, that is, whether the parent *actually exercised* a degree of control beyond that found in the typical parent-subsidiary relationship." *Id.* at 778 (citation omitted). "Evidence that one entity is involved in the daily employment decisions of the other is central." *Perry*, 990 F.3d at 927 (quotation omitted). The second factor is the most important and asks: "What entity made the final decisions on employment matters regarding the person claiming discrimination?" *Id.* (citation omitted). "The emphasis on the second factor has led to a de-emphasis of the third and fourth factors," which are "ordinary aspects of a parent-subsidiary relationship." *Reilly v. TXU Corp.*, No. 3:05-CV-0081-M, 2009 WL 857598, at *2 (N.D. Tex. Mar. 31, 2009) (quotation omitted).

Although Plaintiffs adduced evidence establishing interrelated management and ownership between SlashSupport and Glow, these factors alone are insufficient to establish that they are a single, integrated enterprise. "The doctrine of limited

4

liability creates a strong presumption that a parent corporation is not the employer of its subsidiary's employees." *Lusk*, 129 F.3d at 778 (citation omitted). Rather, there must be evidence of "domination" and "[s]ome nexus to the subsidiary's daily employment decisions." *Id.* Plaintiffs provided no evidence that SlashSupport excessively influenced or interfered with Glow's business operations. The evidence at trial showed no more than an ordinary relationship between a parent and its subsidiary. In particular, there is no evidence that SlashSupport had any involvement in Glow's daily employment decisions.

Most importantly, there is no evidence that SlashSupport had any involvement in or control over final employment decisions on matters involving Plaintiffs. In response to Defendants' motion for judgment as a matter of law, Plaintiffs admitted that they have no evidence that SlashSupport made the decision to hire or terminate any of the Plaintiffs. Witness testimony and other evidence admitted at trial support this conclusion—Glow hired Plaintiffs, Glow terminated Plaintiffs, Glow set Plaintiff's terms and conditions of employment, and Glow made promotion and demotion decisions. Therefore, the Court finds that no reasonable jury could find that SlashSupport and Glow were an integrated enterprise such that SlashSupport could be considered Plaintiffs' employer.

### ii. Joint employer

Plaintiffs conceded on the record at trial that SlashSupport was not a joint employer of Plaintiffs. The Court agrees. "The term 'joint employer' refers to two or more employers that are unrelated or that are not sufficiently related to qualify as an integrated enterprise, but that each exercise sufficient control of an individual to

5

qualify as [his] employer." *Perry*, 990 F.3d at 928 (alteration in original) (citation omitted). To determine whether an entity qualifies as an individual's employer, the Fifth Circuit employs a "hybrid economic realities/common law control test." *Id.* at 928–29 (quotation omitted). "The right to control the employee's conduct is the most important component of determining a joint employer." *Id.* at 929 (citation omitted). Factors relevant to the right to control include the rights to hire and fire, supervise, and set the employee's work schedule. *Id.* The economic realities portion of the analysis looks at who paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. *Id.*

Plaintiffs have not provided sufficient evidence to show that SlashSupport had the right to control Plaintiffs' conduct. As noted above, SlashSupport did not have the right to hire and fire Plaintiffs. Witness testimony also established that SlashSupport was not involved in setting schedules for Plaintiffs, and there is no evidence that SlashSupport supervised Plaintiffs. In terms of the economic realities side of the analysis, the evidence demonstrated that Glow paid Plaintiffs' salaries and set the terms and conditions of their employment. Plaintiffs confirmed in response to Glow's motion for judgment as a matter of law that there was no disagreement on these basic facts. Plaintiffs did adduce some evidence that SlashSupport may have provided benefits to at least one Plaintiff, but, viewed in light of the other factors, this single fact is manifestly insufficient. Therefore, the Court finds that no reasonable jury could find that SlashSupport jointly employed Plaintiffs.

Because SlashSupport did not employ Plaintiffs pursuant to either the integrated enterprise or joint employer theory, the Court finds that Defendants are entitled to judgment as a matter of law, and SlashSupport must be dismissed from this case.

## B. Lofland and Yarbrough's Constructive Discharge-Based Claims

A resignation is only actionable as an adverse employment action if it qualifies as a constructive discharge. *See Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001). To establish that he was constructively discharged, an employee must show "that working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Id.* (quotation omitted). To determine whether working conditions are sufficiently intolerable, courts consider: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status. *Lauderdale v. Tex. Dep't of Crim. Just., Institutional Div.*, 512 F.3d 157, 167 (5th Cir. 2007) (citation omitted). The Fifth Circuit has also held that "a plaintiff may be constructively discharged if the employer gives the employee an ultimatum to quit or be fired." *Perret v. Nationwide Mut. Ins. Co.*, 770 F.3d 336, 338 (5th Cir. 2014).

### i. Lofland

Lofland presented no evidence of reduction in salary; reassignment to menial or degrading work; reassignment to work under a younger supervisor; badgering,

7

harassment, or humiliation; or offers of early retirement. Drawing all reasonable inferences in Lofland's favor, the Court finds that he produced evidence of a demotion and reduction in job responsibilities. Lofland quit as soon as he learned of his demotion; therefore, the Court was presented with little evidence about the position to which he was demoted. Without more, no reasonable jury could find that Lofland was constructively discharged. *See, e.g.*, *Jurgens v. E.E.O.C.*, 903 F.2d 386, 392 (5th Cir. 1990) ("[A] slight decrease in pay coupled with some loss of supervisory responsibilities is insufficient to constitute a constructive discharge of [the plaintiff]."); *Aikens v. Banana Republic, Inc.*, 877 F.Supp. 1031, 1040 (S.D. Tex. 1995) ("Demotions alone do not give rise to a viable constructive discharge claim."). Lofland also did not provide any evidence that Glow gave him an ultimatum. Therefore, the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find that Lofland was constructively discharged. Defendants are entitled to judgment as a matter of law on Lofland's retaliation claim premised on constructive discharge.

### ii. Yarbrough

Yarbrough presented no evidence of reduction in salary; reassignment to menial or degrading work; reassignment to work under a younger supervisor; or offers of early retirement. Yarbrough's only evidence of badgering, harassment, or humiliation is the evidence supporting his hostile work environment claim, which the Court dismissed at the summary-judgment stage. "Constructive discharge requires a greater degree of harassment than required by a hostile environment claim." *Brown*,

237 F.3d at 566. For this reason, the Fifth Circuit has repeatedly dismissed constructive discharge claims after determining that the plaintiff could not recover under a hostile work environment theory. *See, e.g.*, *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 195 n.7 (5th Cir. 1996). Drawing all reasonable inferences in Yarbrough's favor, the Court finds that Yarbrough also produced some evidence of a demotion and reduction in job responsibilities. Like Lofland, Yarbrough resigned as soon as he received word of the demotion. Yarbrough also did not provide any evidence of an ultimatum. Considering the record as a whole, the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find that a reasonable employee in Yarbrough's position would have felt compelled to resign. As such, the Court grants Defendants' motion for judgment as a matter of law on Yarbrough's constructive discharge-based discrimination claim.

### C. Ashiru's Retaliation Claim

Plaintiffs conceded on the record at trial that Ashiru does not have sufficient evidence to support his retaliation claim. The Court agrees. To establish a claim for retaliation under 42 U.S.C. § 1981, a plaintiff must show: (1) that the plaintiff engaged in an activity protected by Section 1981; (2) that an adverse action followed; and (3) a causal connection between the protected activity and the adverse action. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 390 (5th Cir. 2017). An employee engages in a protected activity under Section 1981 when he opposes any practice made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or makes a charge, testifies, assists, or participates in any manner in an investigation, proceeding, or hearing under Title VII. *Scott v. U.S. Bank Nat'l Ass'n*,

9

16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) (citation omitted); *Loco Brands, LLC v. Butler Am., LLC*, No. 6:18-CV-69-JDK-KNM, 2020 WL 809284, at *13 (E.D. Tex. Jan. 30, 2020) (citing *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004)).

Ashiru was terminated shortly after he was involved in two incidents involving field technicians. First, he was accused of forgetting to release a field technician before going home, which resulted in the field technician being stuck at the site. Second, he was accused of handing work off to another employee without providing all necessary information, which resulted in a field technician being required to drive back to a site in the middle of the night to get the site back online. At trial, Ashiru testified that he complained to human resources that the employee to whom he handed off the work had misrepresented the situation. Ashiru testified that he provided evidence supporting his version of events, but he was not permitted to work for Glow after that. Ashiru did not, however, testify or provide any other evidence that he complained about race discrimination, harassment, or any other practice made unlawful by Title VII. Indeed, there is no evidence that Ashiru mentioned race at all.[2] In responding to Defendants' motion, Plaintiffs' counsel conceded that he could not recall Ashiru testifying that he complained about discrimination or that he even mentioned race in his discussion with human resources. Therefore, a reasonable jury would not have a legally sufficient evidentiary basis to find that Ashiru engaged in a

---

[2] Ashiru also testified that, at some earlier point in time, he reported to a manager that someone had tried to access his laptop. However, he did not testify that he complained about any practice made unlawful by Title VII at that time either.

10

protected activity. Because a protected activity is a necessary element of a Section 1981 retaliation claim, the Court grants Defendants' motion for judgment as a matter of law as to Ashiru's retaliation claim.

**D. Retaliatory Harassment Claims**

Defendants moved for judgment as a matter of law with respect to Lofland, Paul Tijani, Peter Tijani, and Aigheyisi's retaliation claims as well.[3] The Court does not find at this time that judgment as a matter of law is warranted with respect to the retaliation claims premised on termination, constructive discharge, or demotion. However, in response to Defendants' motion for judgment as a matter of law, Plaintiffs clarified that Ashiru, Paul Tijani, Peter Tijani, and Aigheyisi are also alleging retaliatory harassment. *See* (Dkt. #56 ¶ 71 ("Plaintiffs other than Lofland allege that Defendants have . . . retaliated against them by . . . subjecting them to . . . harassment [and] hostile work environments . . . .")). Judgment as a matter of law is appropriate on the retaliatory harassment claims asserted by Paul Tijani, Peter Tijani, and Aigheyisi.

The Fifth Circuit has not yet recognized a cause of action for retaliatory harassment, although twelve other circuits have done so. *See Montgomery-Smith v. George*, 810 F.App'x 252, 258 (5th Cir. 2020) (per curiam) (citation omitted). Courts in the Fifth Circuit usually proceed as though such a claim is cognizable and look to both hostile work environment claims and the material adversity standard when

---

[3] The Court has already found that dismissal of Ashiru's retaliation claim is warranted because he did not engage in a protected activity. *See supra* § III.B. Even if he engaged in a protected activity, however, his retaliatory harassment claim fails for the additional reason set forth below.

11

analyzing such claims. *West v. Honeywell Int'l Inc.*, No. 4:18-CV-04627, 2021 WL 3885078, at *7 (S.D. Tex. Aug. 31, 2021). Accordingly, courts consider whether the alleged harassment: (1) was based on the plaintiff's participation in a protected activity; (2) affected a term, condition, or privilege of employment; and (3) might have dissuaded a reasonable employee from engaging in a protected activity. *Id.*; *see also Montgomery-Smith*, 810 F.App'x at 258–60 (affirming district court's grant of summary judgment on retaliatory hostile work environment claim because plaintiff had not made out a claim for hostile work environment). "To determine whether the alleged retaliatory harassment affected a term, condition, or privilege of employment, the Court employs the same 'severe or pervasive' analysis employed in traditional hostile work environment cases." *West*, 2021 WL 3885078, at *8 (quoting *Montgomery-Smith*, 810 F.App'x at 258).

The Court previously granted Defendants' summary-judgment motion on the hostile work environment claims brought by all Plaintiffs other than Lofland, who did not assert such a claim. Because the Court previously found that Plaintiffs cannot establish a hostile work environment claim, and because no evidence was elicited at trial to alter that determination, the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find that the alleged harassment affected a term, condition, or privilege of Plaintiffs' employment. As there is insufficient evidence supporting an essential element of their claims, the Court grants Defendants' motion for judgment as a matter of law as to Paul Tijani, Peter Tijani, and Aigheyisi's retaliatory harassment claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' oral motion for judgment as a matter of law is **GRANTED in part and DENIED in part**. All claims against Defendant SlashSupport Inc. are **DISMISSED WITH PREJUDICE**. In addition, Lofland's constructive discharge-based retaliation claim; Yarbrough's constructive discharge-based discrimination claim; Ashiru's retaliation claim; and Paul Tijani, Peter Tijani, and Aigheyisi's retaliatory harassment claims are **DISMISSED WITH PREJUDICE**. The Court denies Defendants' motion for judgment as a matter of law as to: the race discrimination claims brought by all Plaintiffs other than Lofland, with the exception of Yarbrough's constructive discharge-based discrimination claim; Lofland's retaliation claim predicated on his demotion; Peter Tijani, Paul Tijani, and Aigheyisi's retaliation claims predicated on adverse actions other than harassment; and Plaintiffs' request for punitive damages.

**So ORDERED and SIGNED this 17th day of February, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE