UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:19-CV-905-SDJ |
| | § | |
| GLOW NETWORKS, INC. | § | |

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and from the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendant in arriving at your verdict.

## BURDEN OF PROOF

In this case, each Plaintiff must prove every element of his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that any Plaintiff has failed to prove any element of his claim(s) by a preponderance of the evidence, then he may not recover on that claim.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not  evidence.

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents, and other exhibits admitted into evidence and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires you to find the facts from a preponderance of all the evidence, both direct and circumstantial.

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that  at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the  trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## EXPERT WITNESS

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## BIAS—CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## SECTION 1981

Plaintiffs Joshua Yarbrough, Matt Lofland, Joshua Walker, Michael Brown, Adawale Ashiru, Paul Tijani, Peter Tijani, Brandon Price, Harom Pringle, and Osasuyi William Aigheyisi each contend that Defendant Glow Networks, Inc. has violated a federal civil rights statute, 42 U.S.C. § 1981 ("Section 1981").

Section 1981 provides that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. The phrase "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits,

privileges, terms, and conditions of the contractual relationship. An at-will employee stands in a contractual relationship with his employer. Section 1981 prohibits discrimination by employers against employees based on race. Section 1981 also prohibits employers from retaliating against employees for opposing or reporting discrimination based on race.

## RETALIATION

Plaintiffs Matt Lofland, Paul Tijani, Peter Tijani, and Osasuyi William Aigheyisi claim that they were retaliated against by Defendant Glow Networks, Inc. for engaging in a protected activity. These Plaintiffs claim that they opposed and reported race discrimination. These Plaintiffs also claim that Defendant Glow Networks, Inc. retaliated against them by terminating or demoting them.

Defendant Glow Networks, Inc. denies that these Plaintiffs were retaliated against based on any alleged opposition to or reporting of race discrimination.

It is unlawful for an employer to retaliate against an employee for engaging in a protected activity. To prove unlawful retaliation, each of the below Plaintiffs must prove each of the following by a preponderance of the evidence:

(1)     they engaged in a protected activity;

(2)     there was an adverse employment action; and

(3)     the adverse employment action was on account of each Plaintiff's protected activity.

An action is a "protected activity" if it was based on a Plaintiff's good-faith, reasonable belief that Defendant Glow Networks, Inc. discriminated against him or others based on race. To show a good-faith belief, each Plaintiff must show that he honestly believed that Defendant Glow Networks, Inc. discriminated against him or others because of their race. To show a reasonable belief, each Plaintiff must show that a reasonable person would, under the circumstances, believe that Defendant Glow Networks, Inc. discriminated against him or others because of their race. Plaintiffs do not have to prove that Defendant Glow Networks, Inc. actually discriminated against them or others because of their race. But they must prove that they had a good-faith, reasonable belief that Defendant Glow Networks, Inc. did so.

An "adverse employment action" is an action that would have made a reasonable employee reluctant to make or support a charge of discrimination. If a reasonable employee would be less likely to complain about or oppose alleged discrimination because they knew that Defendant Glow Networks, Inc. would have demoted or discharged them if they did so, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable

employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

You need not find that the only reason for Defendant Glow Networks, Inc.'s decision was each Plaintiff's claimed protected activity. But you must find that the adverse actions against each Plaintiff would not have occurred when they did but for that Plaintiff's alleged opposition to or reporting of discrimination.

If you disbelieve the reason Defendant Glow Networks, Inc. has given for its treatment of each Plaintiff, you may, but are not required to, infer that Defendant Glow Networks, Inc. would not have taken the adverse employment actions but for each Plaintiff's alleged opposition to or reporting of discrimination.

## DISCRIMINATION

Plaintiffs Joshua Yarbrough, Joshua Walker, Michael Brown, Adawale Ashiru, Paul Tijani, Peter Tijani, Brandon Price, Harom Pringle, and Osasuyi William Aigheyisi claim that they would not have been refused a promotion, demoted, laid off, and/or terminated from Defendant Glow Networks, Inc.'s employment but for their race.

Defendant Glow Networks, Inc. denies Plaintiffs' claims and contends that Plaintiffs never suffered an adverse employment action because of their race, but rather that any such action was taken because of legitimate, non-discriminatory reasons unrelated to their race.

It is unlawful for an employer to discriminate against an employee because of the employee's race. An employer may, however, refuse to promote, demote, or terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful racial discrimination, each Plaintiff must prove by a preponderance of the evidence that:

(1)     Defendant Glow Networks, Inc. refused to promote, demoted, laid off, or terminated him; and

(2)     Defendant Glow Networks, Inc. would not have refused to promote, demoted, laid off, or terminated him in the absence of—in other words, but for—his race.

Plaintiffs do not have to prove that unlawful discrimination was the only reason they were refused a promotion, demoted, laid off, and/or terminated. But Plaintiffs must prove that the adverse employment action would not have occurred in the absence of such discrimination.

In addition, in order for you to find liability on any Plaintiff's failure to promote claim, that Plaintiff must have provided evidence that he was clearly better qualified for the position than the person who ultimately received the position.

If you find that the reasons Defendant Glow Networks, Inc. has given for the adverse employment action(s) against each Plaintiff are unworthy of belief, you may, but are not required to, infer that Defendant Glow Networks, Inc. was motivated by each Plaintiff's race.

## COMPENSATORY AND PUNITIVE DAMAGES

If you find that Defendant Glow Networks, Inc. violated Section 1981 as to any Plaintiff, then you must determine whether it has caused that Plaintiff damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether any Plaintiff proved liability.

Each Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, each Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: the amount of damages sustained by each Plaintiff for pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages to a Plaintiff if he proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he or she engaged in the discriminatory act or practice while acting in the scope of his or her employment; and (3) he or she acted with malice or reckless indifference to that Plaintiff's federally protected right to be free from discrimination.

If a Plaintiff has proved these facts, then you may award punitive damages to that Plaintiff unless Defendant Glow Networks, Inc. proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether a person was a supervisor or manager for Defendant Glow Networks, Inc., you should consider the type of authority the person had over

each Plaintiff and the type of authority for employment decisions Defendant Glow Networks, Inc. authorized the person to make.

An action is in "reckless indifference" to a Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Each Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Glow Networks, Inc. engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Glow Networks, Inc. made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to each Plaintiff's complaint of discrimination, if any, and how it responded to other complaints of discrimination.

If you find that Defendant Glow Networks, Inc. acted with malice or reckless indifference to a Plaintiff's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find that Plaintiff is entitled to receive, you may, but are not required to, award that Plaintiff an additional amount as punitive damages for the purposes of punishing Defendant Glow Networks, Inc. for engaging in such wrongful conduct and deterring Defendant Glow Networks, Inc. and others from engaging in such conduct in the future. You should presume that each Plaintiff has been made whole for their injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

(1)     How reprehensible Defendant Glow Networks, Inc.'s conduct was. You may consider whether the harm each Plaintiff suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant Glow Networks, Inc.'s conduct that harmed each Plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed each Plaintiff.

(2)     How much harm Defendant Glow Networks, Inc.'s wrongful conduct caused each Plaintiff and could cause them in the future.

(3)     What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Glow Networks, Inc.'s financial condition, to punish Defendant Glow Networks, Inc. for its conduct toward each Plaintiff and to deter Defendant Glow Networks, Inc. and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused each Plaintiff.

### DUTY TO DELIBERATE; NOTES

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**So ORDERED and SIGNED this 18th day of February, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JOSHUA YARBROUGH, ET AL.           §
                                   §
v.                                 §        CIVIL NO. 4:19-CV-905-SDJ
                                   §
GLOW NETWORKS, INC.                §

## <u>VERDICT OF THE JURY</u>

### QUESTION NO. 1

**Do you find that Plaintiff Matt Lofland was demoted during his employment at Defendant Glow Networks, Inc.?**

**Answer "Yes" or "No."**

**Answer: _____**

If you answered "Yes" to Question No. **1**, then answer Question No. **2**.

### QUESTION NO. 2

If and only if you answered "Yes" to Question No. **1**, then answer the following question. Otherwise, do not answer the following question.

**Do you find that Plaintiff Matt Lofland would not have been demoted by Defendant Glow Networks, Inc. but for his opposition to or reporting of race discrimination?**

**Answer "Yes" or "No."**

**Answer: _____**

### QUESTION NO. 3

**Do you find that Plaintiff Paul Tijani would not have been terminated by Defendant Glow Networks, Inc. but for his opposition to or reporting of race discrimination?**

Answer "Yes" or "No."

Answer: _____


## QUESTION NO. 4

Do you find that Plaintiff Peter Tijani would not have been terminated by Defendant Glow Networks, Inc. but for his opposition to or reporting of race discrimination?

Answer "Yes" or "No."

Answer: _____


## QUESTION NO. 5

Do you find that Plaintiff Osasuyi William Aigheyisi would not have been terminated by Defendant Glow Networks, Inc. but for his opposition to or reporting of race discrimination?

Answer "Yes" or "No."

Answer: _____

**QUESTION NO. 6**

**Do you find that Plaintiff Joshua Yarbrough was demoted during his employment at Defendant Glow Networks, Inc.?**

**Answer "Yes" or "No."**

**Answer:** _____

If you answered "Yes" to Question No. **6**, then answer Question No. **7**.

**QUESTION NO. 7**

If and only if you answered "Yes" to Question No. **6**, then answer the following question. Otherwise, do not answer the following question

**Has Plaintiff Joshua Yarbrough proved that he would not have been demoted by Defendant Glow Networks, Inc. but for his race?**

**Answer "Yes" or "No."**

**Answer:** _____

**QUESTION NO. 8**

**Has Plaintiff Joshua Walker proved that he would not have been denied a promotion by Defendant Glow Networks, Inc. but for his race?**

**Answer "Yes" or "No."**

**Answer:** _____

**QUESTION NO. 9**

**Has Plaintiff Michael Brown proved that he would not have been selected for layoff and not returned to work by Defendant Glow Networks, Inc. but for his race?**

**Answer "Yes" or "No."**

**Answer:** _____

11

## QUESTION NO. 10

Has Plaintiff Adawale Ashiru proved that he would not have been terminated by Defendant Glow Networks, Inc. but for his race?

Answer "Yes" or "No."

Answer: _____

## QUESTION NO. 11

Has Plaintiff Paul Tijani proved that he would not have been terminated by Defendant Glow Networks, Inc. but for his race?

Answer "Yes" or "No."

Answer: _____

## QUESTION NO. 12

Has Plaintiff Peter Tijani proved that he would not have been terminated by Defendant Glow Networks, Inc. but for his race?

Answer "Yes" or "No."

Answer: _____

## QUESTION NO. 13

Has Plaintiff Brandon Price proved that, during his second period of employment with Glow Networks, Inc., in 2019, he would not have been terminated by Defendant Glow Networks, Inc. but for his race?

Answer "Yes" or "No."

Answer: _____

## QUESTION NO. 14

Has Plaintiff Harom Pringle proved that he would not have been selected for layoff and not returned to work by Defendant Glow Networks, Inc. but for his race?

Answer "Yes" or "No."

Answer: _____

## QUESTION NO. 15

Has Plaintiff Osasuyi William Aigheyisi proved that he would not have been terminated by Defendant Glow Networks, Inc. but for his race?

Answer "Yes" or "No."

Answer: _____

## QUESTION NO. 16

If and only if you answered "Yes" to Question No. **7**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Joshua Yarbrough for the damages, if any, you have found Defendant Glow Networks, Inc. caused Plaintiff Joshua Yarbrough?**

**Answer in dollars and cents for the following items and none other:**

(1) **Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

(2) **Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

## QUESTION NO. 17

If and only if you answered "Yes" to Question No. **7**, then answer the following question. Otherwise, do not answer the following question.

**Do you find that Plaintiff Joshua Yarbrough should be awarded punitive damages from Defendant Glow Networks, Inc.?**

**Answer "Yes" or "No."**

**Answer: _____**

If you answered "Yes" to Question No. **17**, then answer Question No. **18**.

## QUESTION NO. 18

If and only if you answered "Yes" to Question No. **17**, then answer the following question. Otherwise, do not answer the following question.

14

**What sum of money should be assessed against Defendant Glow Networks, Inc. as punitive damages to Plaintiff Joshua Yarbrough?**

**Answer: $ _____**

## QUESTION NO. 19

If and only if you answered "Yes" to Question No. **2**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Matt Lofland for the damages, if any, you have found Defendant Glow Networks, Inc. caused Plaintiff Matt Lofland?**

**Answer in dollars and cents for the following items and none other:**

(1)     **Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

(2)     **Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

## QUESTION NO. 20

If and only if you answered "Yes" to Question No. **2**, then answer the following question. Otherwise, do not answer the following question.

**Do you find that Plaintiff Matt Lofland should be awarded punitive damages from Defendant Glow Networks, Inc.?**

**Answer "Yes" or "No."**

**Answer: _____**

If you answered "Yes" to Question No. **20**, then answer Question No. **21**.

## QUESTION NO. 21

If and only if you answered "Yes" to Question No. **20**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money should be assessed against Defendant Glow Networks, Inc. as punitive damages to Plaintiff Matt Lofland?**

**Answer: $ _____**

## QUESTION NO. 22

If and only if you answered "Yes" to Question No. **8**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Joshua Walker for the damages, if any, you have found Defendant Glow Networks, Inc. caused Plaintiff Joshua Walker?**

**Answer in dollars and cents for the following items and none other:**

**(1)   Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

**$ _____**

**(2)   Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

**$ _____**

## QUESTION NO. 23

If and only if you answered "Yes" to Question No. **8**, then answer the following question. Otherwise, do not answer the following question.

**Do you find that Plaintiff Joshua Walker should be awarded punitive damages from Defendant Glow Networks, Inc.?**

**Answer "Yes" or "No."**

**Answer: _____**

If you answered "Yes" to Question No. **23**, then answer Question No. **24**.


## QUESTION NO. 24

If and only if you answered "Yes" to Question No. **23**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money should be assessed against Defendant Glow Networks, Inc. as punitive damages to Plaintiff Joshua Walker?**

**Answer: $ _____**


## QUESTION NO. 25

If and only if you answered "Yes" to Question No. **9**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Michael Brown for the damages, if any, you have found Defendant Glow Networks, Inc. caused Plaintiff Michael Brown?**

**Answer in dollars and cents for the following items and none other:**

(1)   **Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

   **$ _____**

(2)   **Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

   **$ _____**


## QUESTION NO. 26

If and only if you answered "Yes" to Question No. **9**, then answer the following question. Otherwise, do not answer the following question.

17

**Do you find that Plaintiff Michael Brown should be awarded punitive damages from Defendant Glow Networks, Inc.?**

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. **26**, then answer Question No. **27**.

## QUESTION NO. 27

If and only if you answered "Yes" to Question No. **26**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money should be assessed against Defendant Glow Networks, Inc. as punitive damages to Plaintiff Michael Brown?**

Answer: $ _____

## QUESTION NO. 28

If and only if you answered "Yes" to Question No. **10**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Adawale Ashiru for the damages, if any, you have found Defendant Glow Networks, Inc. caused Plaintiff Adawale Ashiru?**

**Answer in dollars and cents for the following items and none other:**

(1)     **Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

(2)     **Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

18

## QUESTION NO. 29

If and only if you answered "Yes" to Question No. **10**, then answer the following question. Otherwise, do not answer the following question.

**Do you find that Plaintiff Adawale Ashiru should be awarded punitive damages from Defendant Glow Networks, Inc.?**

**Answer "Yes" or "No."**

**Answer: _____**

If you answered "Yes" to Question No. **29**, then answer Question No. **30**.

## QUESTION NO. 30

If and only if you answered "Yes" to Question No. **29**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money should be assessed against Defendant Glow Networks, Inc. as punitive damages to Plaintiff Adawale Ashiru?**

**Answer: $ _____**

## QUESTION NO. 31

If and only if you answered "Yes" to Question Nos. **3** and/or **11**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Paul Tijani for the damages, if any, you have found Defendant Glow Networks, Inc. caused Plaintiff Paul Tijani?**

**Answer in dollars and cents for the following items and none other:**

(1)   **Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

**(2)** **Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

## QUESTION NO. 32

If and only if you answered "Yes" to Question Nos. **3** and/or **11**, then answer the following question. Otherwise, do not answer the following question.

**Do you find that Plaintiff Paul Tijani should be awarded punitive damages from Defendant Glow Networks, Inc.?**

**Answer "Yes" or "No."**

**Answer:** _____

If you answered "Yes" to Question No. **32**, then answer Question No. **33**.

## QUESTION NO. 33

If and only if you answered "Yes" to Question No. **32**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money should be assessed against Defendant Glow Networks, Inc. as punitive damages to Plaintiff Paul Tijani?**

**Answer: $** _____

## QUESTION NO. 34

If and only if you answered "Yes" to Question Nos. **4** and/or **12**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Peter Tijani for the damages, if any, you have found Defendant Glow Networks, Inc. caused Plaintiff Peter Tijani?**

**Answer in dollars and cents for the following items and none other:**

(1)   **Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

(2)   **Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

## QUESTION NO. 35

If and only if you answered "Yes" to Question Nos. **4** and/or **12**, then answer the following question. Otherwise, do not answer the following question.

**Do you find that Plaintiff Peter Tijani should be awarded punitive damages from Defendant Glow Networks, Inc.?**

**Answer "Yes" or "No."**

**Answer: _____**

If you answered "Yes" to Question No. **35**, then answer Question No. **36**.

## QUESTION NO. 36

If and only if you answered "Yes" to Question No. **35**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money should be assessed against Defendant Glow Networks, Inc. as punitive damages to Plaintiff Peter Tijani?**

**Answer: $ _____**

## QUESTION NO. 37

If and only if you answered "Yes" to Question No. **13**, then answer the following question. Otherwise, do not answer the following question.

21

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Brandon Price for the damages, if any, you have found Defendant Glow Networks, Inc. caused Plaintiff Brandon Price?

Answer in dollars and cents for the following items and none other:

(1)   Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:

$ _____

(2)   Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:

$ _____


QUESTION NO. 38

If and only if you answered "Yes" to Question No. **13**, then answer the following question. Otherwise, do not answer the following question.

Do you find that Plaintiff Brandon Price should be awarded punitive damages from Defendant Glow Networks, Inc.?

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. **38**, then answer Question No. **39**.


QUESTION NO. 39

If and only if you answered "Yes" to Question No. **38**, then answer the following question. Otherwise, do not answer the following question.

What sum of money should be assessed against Defendant Glow Networks, Inc. as punitive damages to Plaintiff Brandon Price?

Answer: $ _____

## QUESTION NO. 40

If and only if you answered "Yes" to Question No. **14**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Harom Pringle for the damages, if any, you have found Defendant Glow Networks, Inc. caused Plaintiff Harom Pringle?**

**Answer in dollars and cents for the following items and none other:**

**(1)     Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

**(2)     Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

## QUESTION NO. 41

If and only if you answered "Yes" to Question No. **14**, then answer the following question. Otherwise, do not answer the following question.

**Do you find that Plaintiff Harom Pringle should be awarded punitive damages from Defendant Glow Networks, Inc.?**

**Answer "Yes" or "No."**

**Answer: _____**

If you answered "Yes" to Question No. **41**, then answer Question No. **42**.

## QUESTION NO. 42

If and only if you answered "Yes" to Question No. **41**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money should be assessed against Defendant Glow Networks, Inc. as punitive damages to Plaintiff Harom Pringle?**

**Answer: $ _____**

## QUESTION NO. 43

If and only if you answered "Yes" to Question Nos. **5** and/or **15**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Osasuyi William Aigheyisi for the damages, if any, you have found Defendant Glow Networks, Inc. caused Plaintiff Osasuyi William Aigheyisi?**

**Answer in dollars and cents for the following items and none other:**

(1) **Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

(2) **Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

$ _____

## QUESTION NO. 44

If and only if you answered "Yes" to Question Nos. **5** and/or **15**, then answer the following question. Otherwise, do not answer the following question.

**Do you find that Plaintiff Osasuyi William Aigheyisi should be awarded punitive damages from Defendant Glow Networks, Inc.?**

**Answer "Yes" or "No."**

**Answer: _____**

If you answered "Yes" to Question No. **44**, then answer Question No. **45**.

## QUESTION NO. 45

If and only if you answered "Yes" to Question No. **44**, then answer the following question. Otherwise, do not answer the following question.

**What sum of money should be assessed against Defendant Glow Networks, Inc. as punitive damages to Plaintiff Osasuyi William Aigheyisi?**

**Answer: $** _____

_____

**Presiding Juror**

**Dated:** _____