UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH, <br> and MATT LOFLAND, ET AL., <br><br> *Plaintiffs*, <br><br> vs. <br><br> GLOW NETWORKS, INC., <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action 4:19-cv-905 |

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

TO THE HONORABLE SEAN D. JORDAN:

Plaintiffs Joshua Yarbrough, Matt Lofland, Joshua Walker, Michael Brown, Adawale Ashiru, Paul Tijani, Peter Tijani, Brandon Price, Harom Pringle, and Osasuyi William Aigheyisi move the Court for entry of judgment on the verdict returned by the jury in this matter on February 18, 2022. Pursuant to the Federal Rules of Civil Procedure 54, 57, and 58, Plaintiffs request that a judgment be entered on the verdict, including interest and costs of court.

1. **Judgment On Verdict Answers to Written Questions**

A judgment may be demanded granting the relief to which each party is entitled. FED. R. CIV. P. 54(c). A court must promptly approve the form of a judgment when the jury returns a special verdict or a general verdict with answers to written questions. FED. R. CIV. P. 58(b). A jury in this case returned a special or general verdict with answers to written questions. (Dkt. #120). The jury awarded $7 million to each Plaintiff and the Plaintiffs request a judgment in that amount for each Plaintiff.

2. **Prejudgment Interest**

   a. **State Law Is Applicable**

Where an action arises under federal law, "it is within the discretion of the district court to set an equitable rate of prejudgment interest." *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 984 (5th Cir.1991) *abrogated on other grounds by CIGNA Corp. v. Amara,* 563 U.S. 421 (2011). *See also Kostic v. Tex. A & M Univ. at Commerce,* No. 3:10-CV-2265-M, 2015 WL 4775398, at *2 (N.D. Tex. Aug. 13, 2015). *See also Perez v. Bruister*, 823 F.3d 250, 274 (5th Cir. 2016).

Where a claim is governed by a federal statute, and the statute is silent on the issue of prejudgment interest, "state law is an appropriate source of guidance." *Hansen,* 940 F.2d 984. *See also Wesley v. Yellow Transp., Inc.,* No. 3:05–CV–2266D, 2010 WL 3606095, at *2 (N.D. Tex. Sept.16, 2010) ("In the absence of a federal statute that establishes the rate of prejudgment interest, state law guides the court's discretion in determining the interest rate."). Title VII and Section 1981 are analyzed similarly. *See Jones v. Robinson Prop. Group, L.P.,* 427 F.3d 987, 992 (5th Cir. 2005). The prejudgment interest rate in Texas is applicable to this case.

   b. **The Texas Rate**

The Texas Finance Code Sections 304.003(a) and (c) provide that prejudgment interest shall accrue at the rate of five percent per year when the prime rate as published by the Board of Governors of the Federal Reserve System is less than five percent. The prime interest rate for the week of March 21, 2022, is less than five percent.[1] Simple interest on the past intangible damages for each plaintiff is $275.97 per day ($2 million x 0.05 / 365).

---

[1] https://www.federalreserve.gov/releases/h15/ (last visited March 21, 2022).

    c. **From Date Suit Is Filed**

Under Title VII, courts generally should calculate interest on past damages based on the date of the adverse employment action. *Thomas v. Tex. Dep't of Criminal Justice,* 297 F. 3d 361, 372 (5th Cir. 2002). The Texas Finance Code also provides that prejudgment interest may start from the date the lawsuit was filed. *See* TEX. FIN. CODE § 304.104. Although each Plaintiff suffered intangible damages before the lawsuit was filed, Plaintiffs request prejudgment interest only from the date the lawsuit was initially filed, December 10, 2019. The total amount of prejudgment interest for each Plaintiff is calculated by multiplying $275.97 per day with the number of days from December 10, 20119, to the day before the judgment is rendered. *See* TEX. FIN. CODE § 304.104.

3. **Postjudgment Interest**

Postjudgment interest is calculated using the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System for the calendar week preceding. 28 U.S.C. § 1961.[2] Plaintiffs request the rate for the week the judgment is entered.

WHEREFORE, Plaintiffs respectfully request that the Court grant this motion and enter an order finding that the Plaintiffs are entitled to the full verdict with interest and costs of court.

                                   Respectfully submitted,

                                   */s/ Brian Sanford*
                                   Brian Sanford
                                   Texas Bar No. 17630700
                                   bsanford@sanfordfirm.com
                                   Elizabeth "BB" Sanford
                                   Texas Bar No. 24100618
                                   esanford@sanfordfirm.com

---

[2] *Id.*

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:  (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that March 23, 2022, I served the foregoing document on all counsel of record via the electronic filing system of the Court.

/s/ Elizabeth "BB" Sanford

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Defendant regarding this motion and Defendant does not take a position and notes that it plans to file post-verdict motions.

/s/ Elizabeth "BB" Sanford