UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH, <br> and MATT LOFLAND, ET AL., | § <br> § <br> § | |
| *Plaintiffs*, | § <br> § | Civil Action 4:19-cv-905-SDJ |
| vs. | § <br> § | |
| GLOW NETWORKS, INC., | § <br> § <br> § | |
| *Defendant*. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT**

Defendant, Glow Networks, Inc.,[1] files this Response to Plaintiffs' Motion for Entry of Judgment and states:

On February 18, 2022, after a 10-day trial, the jury entered its verdict in this matter. (Doc. 120). That verdict totaled $70 million, with the jury awarding the exact same amount to each of the 10 individual Plaintiffs - $2 million per Plaintiff for past compensatory damages, $1 million per Plaintiff for future compensatory damages and $4 million per Plaintiff for punitive damages. (Doc. 120).

On March 16, 2022, the court reporter entered the official transcript, consisting of 10 volumes, into the record. (Docs. 128-137). The next week, on March 23[2], 2022, Plaintiffs filed their Motion for Entry of Judgment, moving this Court to enter judgment in the full amount of the jury's verdict, including pre- and post-judgment interest. (Doc. 138). Should such a judgment be entered, Defendant will file post-judgment motions, including a renewed motion for judgment as

---

[1] SlashSupport, Inc. was dismissed when the Court granted Defendant's motion for judgment as a matter of law during trial. (Doc. 115).
[2] Ms. Sanford, attorney for Plaintiffs, actually conferred with Ms. Ullrich, defense counsel, on March 1, 2022, not March 23, 2022 as set forth in Plaintiffs' certificate of conference.

a matter of law pursuant to Rule 50(b) because the facts and inferences from the evidence point so strongly and overwhelmingly in the Defendant's favor, that no jury could have reached the verdict it did in this case as to each of the individual Plaintiff's individual claims. *See Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 498 (5th Cir. 2012)). Defendant will also file a motion for new trial pursuant to Rule 59(a) or, in the alternative remittitur, as the jury's verdict was against the great weight of the evidence and the amounts awarded were excessive in light of the evidence presented. *See Smith v. Transworld Drilling Co.,* 773 F.2d 610-612-14 (5th Cir. 1985).

Defendant anticipated filing these motions within 28 days from the date of judgment as set forth in the Rules. As no judgment has been entered, and in light of the Plaintiffs' recent motion for entry of judgment, if the Court feels it needs Defendant's briefing related to these motions, including citations to the official trial transcript and official trial exhibits, in order to properly enter a fair and appropriate judgment in this matter, Defendant can submit its planned post-judgment motion briefing prior to the Court's entry of judgment. Defendant reasonably anticipates it will need at least an additional 30-60 days to submit this briefing given the sheer volume of the trial transcript as well as the number of Plaintiffs and claims at issue here but Defendants will, of course, abide by any briefing schedule this Court sets.

Respectfully submitted,

By: */s/ Rachel Z. Ullrich*
    Rachel Z. Ullrich
    Texas Bar No. 24003234
    RUllrich@fordharrison.com
    Buena Vista Lyons
    Texas Bar No. 00797630
    VLyons@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2022 a true and correct copy of the above foregoing instrument was filed with the Clerk of Court by using the CM/ECF system, which automatically serves a copy on all other counsel of record:

    */s/ Rachel Z. Ullrich*
    Rachel Z. Ullrich

WSACTIVELLP:13030323.1