UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:19-CV-905-SDJ |
| | § | |
| GLOW NETWORKS, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Entry of Judgment. (Dkt. #138). Defendant Glow Networks, Inc. ("Glow") responded to the motion, (Dkt. #139), and Plaintiffs filed a reply, (Dkt. #140). Having considered the motion, the subsequent briefing, the record, and the applicable law, the Court **GRANTS in part and DENIES in part** the motion.

## I. BACKGROUND

A group of fourteen former employees of Glow brought this lawsuit to redress alleged violations of 42 U.S.C. § 1981. All Plaintiffs but Matthew Lofland claimed race discrimination based on tangible actions and/or the alleged creation of a hostile work environment, and certain Plaintiffs also alleged that Glow retaliated against them for reporting and opposing race discrimination.

Glow and its co-defendant at the time, CSS Corp., moved for partial summary judgment, and the Court granted in part and denied in part that motion. (Dkt. #89). Specifically, the Court: (1) dismissed all claims by Plaintiffs Lee Green, Sterling Vicks, Brett Samuels, and Rukevwe Ologban; (2) dismissed all hostile work environment claims; and (3) dismissed Brandon Price's discrimination claim based on his 2018 resignation from Glow.

1

The case then proceeded to trial on the remaining claims on February 7, 2022. After Plaintiffs rested their case, Glow and SlashSupport Inc., which was substituted in as co-defendant in place of CSS Corp. pursuant to the parties' stipulation, made an oral motion for judgment as a matter of law, which the Court denied. (Dkt. #108). The day after the Court heard argument on Defendants' motion, Plaintiffs stipulated that Joshua Walker's constructive discharge-based discrimination claim and retaliation claim should be dismissed. The Court entered an order dismissing those claims. (Dkt. #110).

After both parties rested, Defendants reurged their motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), and the Court granted in part and denied in part the motion. (Dkt. #115). Specifically, the Court: (1) dismissed all claims against SlashSupport Inc.; (2) dismissed Lofland's constructive discharge-based retaliation claim; (3) dismissed Joshua Yarbrough's constructive discharge-based discrimination claim; (4) dismissed Adawale Ashiru's retaliation claim; and (5) dismissed Paul Tijani, Peter Tijani, and Osasuyi William Aigheyisi's retaliatory harassment claims.

At the conclusion of the trial, the jury returned a verdict on the remaining claims. (Dkt. #120). The jury found that: (1) Glow retaliated against Lofland, Paul Tijani, Peter Tijani, and Aigheyisi for opposing or reporting race discrimination; and (2) Glow discriminated against Yarbrough, Walker, Michael Brown, Ashiru, Paul Tijani, Peter Tijani, Price, Harom Pringle, and Aigheyisi on the basis of race. The jury awarded each Plaintiff $2,000,000 for past pain and suffering, inconvenience, mental

anguish, and loss of enjoyment of life; $1,000,000 for future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; and $4,000,000 as punitive damages.

Plaintiffs now request that the Court enter final judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 58 governs the entry of final judgment. The Court must approve final judgment before it can be entered by the clerk when "the jury returns a special verdict or a general verdict with answers to written questions" or "the court grants other relief not described in this subdivision (b)." FED. R. CIV. P. 58(b)(2).

## III. DISCUSSION

In their request for entry of final judgment, Plaintiffs ask the Court to award damages in the amount of $7,000,000 to each Plaintiff along with prejudgment interest in the amount of $275.97 per day, postjudgment interest, and costs of court. Glow did not oppose Plaintiffs' request and instead used its response brief to preview the postjudgment motions it intends to file.

### A. Prejudgment Interest

Prejudgment interest should be awarded to make a plaintiff whole, as a refusal to award prejudgment interest ignores the time value of money. *Thomas v. Tex. Dep't of Crim. Just.*, 297 F.3d 361, 372 (5th Cir. 2002). Prejudgment interest applies to all past injuries, including past emotional injuries, but is not recoverable for future emotional harm or for punitive damages. *Id.* at 372–73; *George v. Foster*, 129 F.3d 610, 1997 WL 681151, at *2 (5th Cir. Oct. 15, 1997) (per curiam).

3

Plaintiffs are entitled to prejudgment interest on their awards of damages for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. As such, the Court must determine the proper rate of prejudgment interest. Where an action arises under federal law, "it is within the discretion of the district court to select an equitable rate of prejudgment interest." *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 984 (5th Cir. 1991), *abrogated on other grounds by CIGNA Corp. v. Amara*, 563 U.S. 421, 131 S.Ct. 1866, 179 L.Ed.2d 843 (2011) (citation omitted). Because Plaintiffs' claims are governed by a federal statute, 42 U.S.C. § 1981, that is silent on the issue of prejudgment interest, "state law is an appropriate source of guidance" in determining the interest rate. *Id.* at 984 (quotation omitted); *see also Wesley v. Yellow Transp., Inc.*, No. 3:05-CV-2266-D, 2010 WL 3606095, at *2 (Sept. 16, 2010) (looking to state law for guidance on interest rate where plaintiffs recovered on claims brought under Section 1981).

Accordingly, the Court looks to Texas law on prejudgment interest. Under Texas law, prejudgment interest accrues "at the rate for postjudgment interest and . . . shall be computed as simple interest." *Wesley*, 2010 WL 3606095, at *1 (alteration in original) (quoting *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998)). The Texas Finance Code provides that prejudgment interest accrues at a rate of 5% per year when the prime rate published by the Board of Governors of the Federal Reserve System is less than 5%. TEX. FIN. CODE § 304.003(a), (c)(2). The prime rate is currently less than 5%; therefore, the Court

4

finds that Plaintiffs are entitled to recover prejudgment interest at the rate of 5% per year.

Next, the Court must determine the date on which Plaintiffs began accruing prejudgment interest. Under Texas law, the date a lawsuit is filed is a proper starting point for awarding prejudgment interest. *Wesley*, 2010 WL 3606095, at *1 n.5. Therefore, the Court calculates prejudgment interest computed as simple interest from December 10, 2019, when the complaint was filed, to the date of judgment. *Id.* at *2.

Considering the foregoing, prejudgment interest on each Plaintiff's award of $2,000,000 for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life is $273.97 per day. 859 days passed from the filing of the complaint to the day preceding the date of the Final Judgment. Accordingly, each Plaintiff is awarded $235,340.23 in prejudgment interest on the award for past pain and suffering.

**B. Postjudgment Interest**

Federal law determines the postjudgment interest rate. *See Bos. Old Colony Ins. Co. v. Tiner Assocs., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). The federal postjudgment interest rate is governed by 28 U.S.C. § 1961(a), which sets the rate at the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of judgment. For the week ending April 15, 2022, the federal rate is 1.81%. Therefore, the Court awards postjudgment interest on all amounts awarded to Plaintiffs at a rate of 1.81% from the date of the entry of the Final Judgment.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Entry of Judgment, (Dkt. #138), is **GRANTED in part and DENIED in part**. The Court awards Plaintiffs damages in the amount of $7,000,000 each, prejudgment and postjudgment interest, and costs of court. But the Court awards prejudgment interest at a rate of $273.97 per day, rather than $275.97 per day. The Court will issue a Final Judgment by separate order.

**So ORDERED and SIGNED this 18th day of April, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE