UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:19-CV-905-SDJ |
| | § | |
| GLOW NETWORKS, INC. | § | |

**FINAL JUDGMENT**

On February 2, 2022, the Court granted in part and denied in part Defendants Glow Networks, Inc. and CSS Corp.'s Motion for Partial Summary Judgment. (Dkt. #89). On February 7, 2022, this case came for trial before a jury. After both parties rested, the Court granted in part and denied in part Defendants SlashSupport Inc.[1] and Glow Networks, Inc. oral motion for judgment as a matter of law. (Dkt. #110, #115). The Court then instructed the jury to answer certain questions. The jury returned a verdict on February 18, 2022. All pending claims in this case having been resolved either by the jury or by order of the Court, the Court hereby enters final judgment.

Pursuant to Federal Rules of Civil Procedure 54 and 58, consistent with the Court's orders and in consideration of the jury verdict delivered on February 18, 2022, the Court **ORDERS** and **ENTERS FINAL JUDGMENT** as follows:

1. All claims asserted by Lee Green, Sterling Vicks, Brett Samuels, and Rukevwe Ologban are **DISMISSED WITH PREJUDICE**. (Dkt. #89).

---

[1] During trial, the parties stipulated that CSS Corp. was incorrectly named as a defendant and substituted SlashSupport Inc. in as a defendant in its place. (Dkt. #104).

2. The hostile work environment claims asserted by Joshua Yarbrough, Joshua Walker, Michael Brown, Adawale Ashiru, Peter Tijani, Paul Tijani, Brandon Price, Harom Pringle, and Osasuyi William Aigheyisi are **DISMISSED WITH PREJUDICE**. (Dkt. #89).

3. Price's race discrimination claim predicated on his 2018 resignation is **DISMISSED WITH PREJUDICE**. (Dkt. #89).

4. Walker's constructive discharge-based discrimination claim and retaliation claim are **DISMISSED WITH PREJUDICE**. (Dkt. #110).

5. All claims against SlashSupport Inc. are **DISMISSED WITH PREJUDICE**. (Dkt. #115).

5. Matthew Lofland's constructive discharge-based retaliation claim is **DISMISSED WITH PREJUDICE**. (Dkt. #115).

6. Yarbrough's constructive discharge-based discrimination claim is **DISMISSED WITH PREJUDICE**. (Dkt. #115).

7. Ashiru's retaliation claim is **DISMISSED WITH PREJUDICE**. (Dkt. #115).

8. The retaliatory harassment claims asserted by Peter Tijani, Paul Tijani, and Aigheyisi are **DISMISSED WITH PREJUDICE**. (Dkt. #115).

9. The jury having found for Lofland, Paul Tijani, Peter Tijani, Aigheyisi, Yarbrough, Walker, Brown, Ashiru, Price, and Pringle on the remaining claims, the Court awards each plaintiff the following:

    a.    $2,000,000 for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

    b.    $1,000,000 for future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

    c.    $4,000,000 for punitive damages;

    d.    Pre-judgment interest in the amount of $235,340.23;

    e.    Costs of court; and

    f.    Post-judgment interest on the total amount of the items above at a rate of 1.81% from the date of this judgment until the judgment is satisfied.

This judgment disposes of all claims and issues and is final and appealable. All pending motions not previously ruled on are hereby **DENIED as moot**. All other relief not expressly granted herein is hereby **DENIED**.

**So ORDERED and SIGNED this 18th day of April, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE