UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH, ET AL., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL NO. 4:19-CV-905-SDJ |
| vs. | § | |
| | § | |
| GLOW NETWORKS, INC., | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S MOTION FOR REASONABLE FEES AND COSTS**

Pursuant to 42 U.S.C. § 1988(b), FED. R. CIV. P. 54(d)(2)(A), and the judgment in favor of Plaintiffs Matthew Lofland, Paul Tijani, Peter Tijani, Osasuyi William Aigheyisi, Joshua Yarbrough, Joshua Walker, Michael, Brown, Adawale Ashiru, Brandon Price, and Harom Pringle (Doc. 142), those prevailing Plaintiffs[1] move for an award of reasonable attorney's fees and costs (including the costs that are recoverable under 28 U.S.C. § 1920 on a bill of costs) incurred in the successful pursuit of their action.

**A.    The Attorney's Fees**

The Supreme Court has established a "'strong presumption'" that the lodestar—the product of multiplying hours reasonably expended by a reasonable hourly rate—represents "the reasonable fee" for prevailing parties, *Perdue v. Kenney A.*, 559 U.S. 542, 553-54, 130 S. Ct. 1662, 1673 (2010), which is to say a fee that roughly approximates what an attorney would have received if representing a client who paid by the hour. *Perdue*, 559 U.S. at 551.

---

[1] *Farrar v. Hobby*, 506 U.S. 103, 111-13, 113 S. Ct. 566, 573, 121 L. Ed.2d 494 (1992) (any relief on the merits that "materially alters the legal relationship between the parties," such as a judgment requiring payment of compensatory damages, points to "prevailing party" status).

1

The *Perdue* Court contrasted the lodestar method with one the Fifth Circuit "set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (C.A.5 1974), which listed 12 factors that a court should consider in determining a reasonable fee." *Perdue*, 559 U.S. at 550-51. (The *Johnson* factors are listed *infra* p. 7.) The *Perdue* Court's reasoning clearly indicates a strong preference for the lodestar method over the *Johnson* factors: "This method, however, 'gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." *Perdue*, 559 U.S. at 551. Post-*Perdue*, the Fifth Circuit has treated the *Johnson* factors as a *complement* to the lodestar. *See*, *e.g.*, *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016) ("[t]hough the lodestar is presumed reasonable, … the court may enhance or decrease it based on the … *Johnson* factors").[2]

Consistently with that approach, this memorandum discusses first the *Perdue* lodestar fee, and then the *Johnson* factors.

### 1. The Hours Reasonably Expended

"'[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours ...'" *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010). The Plaintiffs' lawyers' billing records are presented in Exhibit 2 (containing task descriptions in chronological order) and in Exhibit 2A (the same task descriptions, but organized by the phases of the case, with each phase's entries in chronological order). Exhibit 2 and Exhibit 2A consolidate all time entries by the lawyers at The Sanford Firm (Brian P. Sanford, Elizabeth "BB" Sanford, David B. Norris), along with the entries by lawyers

---

[2] The prevailing Plaintiffs do not seek an enhancement.

outside of The Sanford Firm who assisted on very limited tasks. Mr Sanford (for his firm's lawyers) and all the outside lawyers have, in one form or another, attested to the reliability of the billing records consolidated in Exhibit 2 and Exhibit 2A. B. Sanford Dec. (Exh. 1) at ¶ 20; D. Wiley Dec. (Exh. 3) at ¶ 37; J. Sanford Dec. (Exh. 9) at ¶ 17 & Exh. A; A. Gibson Dec. (Exh. 10) at ¶ 24; R. McKnight Dec. (Exh. 11) at ¶ 16.

All time claimed in a fee motion must be reasonable in order for it to be compensable. *League of United Latin American Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997).[3] Mr. Sanford, as lead counsel, explains in his declaration how he adjusted downward the hours shown in the billing records in order to arrive at the reasonable number of hours claimed for compensation in this motion:

First, he eliminated all time for work specifically on behalf of the four Plaintiffs whose claims wholly failed to survive summary judgment. They are not prevailing parties and are not eligible to receive attorney's fees. B. Sanford Dec. (Exh. 1) at ¶ 21. Mr. Sanford also recognizes that some amount of the time he and Ms. Sanford spent defending those four Plaintiffs' claims by opposing the Defendants' motion for summary judgment is non-compensable for the same reason. He estimates that time, "erring in the Defendants' favor," as 50 percent of the 52.00 hours recorded in connection with opposing the motion. *Id.* at ¶ 22.

Second, Mr. Sanford exercised discretionary billing judgment by eliminating or reducing time he would not charge to any prevailing Plaintiff if that Plaintiff, instead of the Defendant, were paying the bill, consistently with *Hensley v. Eckerhart*, 461 U.S. 423, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983) ("In the private sector, 'billing judgment' is an important

---

[3] Hours reasonably expended include time spent preparing this motion for fees and costs. *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985).

3

component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."). Time increments that were eliminated or reduced—either by Mr. Sanford, or by the outside lawyers who assisted on a limited basis—are evident in Exhibits 2 and 2A. Mr. Sanford's adjustments primarily include elimination of billing by multiple lawyers in conferences and eliminating all time specifically connected with the class claims that Plaintiffs initiated but eventually stopped pursuing. B. Sanford Dec. (Exh. 1) at ¶ 23. The Sanford Firm also exercised billing judgment by not even recording two types of time that would ordinarily be compensable: the time spent by the firm's paralegal, and all time spent during necessary travel even though productive time during travel is normally compensable, and non-productive travel is normally compensable at a reduced rate). *Id.* at ¶ 24.

Mr. Sanford's above-described elimination of time related to the class claims qualifies as an exercise of billing judgment because it was not necessary to eliminate the time. When some claims in a lawsuit succeed and others do not—such as the class claims, and the claims of some of the ten prevailing Plaintiffs—the relationship between the claims means it may be impossible to segregate the time spent on a task into a compensable increment that served the successful claim and a non-compensable increment that served the unsuccessful claim:

> In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
>   Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee....
>
>     ....

> ... Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley*, 461 U.S. at 435 & 440, 103 S. Ct. at 1940 & 1943.

Here, neither the class claim nor any prevailing Plaintiff's claim that failed on summary judgment was "distinct in all respects" from the claims on which the prevailing Plaintiffs succeeded. In particular, the facts of the Defendants' conduct did not amount to a hostile work environment or constructive discharges, but those very same facts were admissible and helped prove that discrimination and/or retaliation motivated the adverse actions that the Court allowed the Plaintiffs to present to the jury. *Hensley*, as quoted above, holds that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." That is the rule to follow here.

### 2. The Reasonable Hourly Rate

Once the compensable time is determined, the Court's second step is to determine a reasonable hourly rate "according to the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547 (1984), i.e., in Plano, where the case was tried. Because of proximity, "the Dallas-Fort Worth legal market can be an appropriate guide for determining the reasonableness of rates" in the Sherman Division. *Crane v. Rave Rest. Grp.*, 2022 WL 403291, at *5 n.5 (E.D. Tex., Sherman Div., Feb. 9, 2022) (Mazzant, J.).

The lawyers for whom Plaintiffs seek compensation, their rates,[4] and the evidence supporting their rates are charted below:

| Lawyer | Year Licensed | Requested Rate | Evidence |
|---|---|---|---|
| Brian P. Sanford | 1986 | $850 | Exh. 1, ¶¶ 14-16<br>Exh. 3, ¶ 36(a)<br>Exh. 4, ¶¶ 18-19<br>Exh. 5, ¶¶ 10-11<br>Exh. 6, ¶¶ 9-10<br>Exh. 7, ¶ 15<br>Exh. 8, ¶ 18 |
| Elizabeth "BB" Sanford | 2017 | $400 | Exh. 1, ¶ 17<br>Exh. 3, ¶ 36(f)<br>Exh. 7, ¶ 16<br>Exh. 8, ¶ 18 |
| David B. Norris | 2011 | $550 | Exh. 1, ¶¶ 14-16<br>Exh. 3, ¶ 36(e)<br>Exh. 7, ¶ 17 |
| Amy E. Gibson | 1995 | $650 | Exh. 1, ¶ 18<br>Exh. 3, ¶ 36(c) |
| David L. Wiley | 1998 | $650 | Exh. 1, ¶ 18<br>Exh. 3, ¶ 36(c) |
| James D. Sanford |  | $550 | Exh. 1, ¶ 18<br>Exh. 3, ¶ 36(d)<br>Exh. 9, ¶ 16 |

---

[4] Current rates are requested even though the first time recorded in this case was in 2018. That is consistent with *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989):

> [C]ompensation received several years after the services were rendered ... is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed .... We agree, therefor, that an appropriate adjustment for delay in payment— whether by the application of current rates rather than historic hourly rates or otherwise—is within the contemplation of the statute [§ 1988].

| Robert E. McKnight, Jr. | 1993 | $650 | Exh. 1, ¶ 18<br>Exh. 3, ¶ 36(b)<br>Exh. 4, ¶¶ 20-21<br>Exh. 5, ¶ 12<br>Exh. 6, ¶ 11<br>Exh. 11, ¶ 17 |

The charted rates, well-supported by the evidence, are the rates the Court should determine to be reasonable and use to calculate the lodestar fee.

### 3. The Lodestar Fee, After Billing Judgment and Before Adjustment Pursuant to the *Johnson* Factors

The presumptively correct lodestar fee, based on the reasonable hours documented in Exhibits 2 and 2A, and totaled in Exhibit 2C, and on the hourly rates documented in the supporting declarations, is:

| **Lawyer** | **Hours** | **Rate** | **Lodestar Fee** |
|---|---|---|---|
| Brian P. Sanford | 431.85 | $850 | $367,072.50 |
| Elizabeth "BB" Sanford | 384.55 | $400 | $153,820.00 |
| David B. Norris | 110.70 | $550 | $60,885.00 |
| Amy E. Gibson | 4.80 | $650 | $3,120.00 |
| David L. Wiley | 23.50 | $650 | $15,275.00 |
| James D. Sanford | 7.65 | $550 | $4,207.50 |
| Robert E. McKnight, Jr. | 10.40 | $650 | $6,760.00 |
| **Lodestar Fee** | 973.45 | | $611,140.00 |

### 4. The *Johnson* Factors

Although the lodestar is presumed to be the reasonable fee, a consideration of the Johnson factors may, in some cases, persuade the Court that the presumption is incorrect (*see supra* p. 2). The *Johnson* factors are:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of

7

>other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) ... ;[5] (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-719.[6] But no adjustment may be made on the basis of a *Johnson* factor that has already been considered in setting either of the lodestar components (the reasonable hours or the reasonable rates). *Black*, 732 F.3d at 502 ("[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar").

The prevailing Plaintiffs contend that the lodestar fee already captures all of the *Johnson* factors relevant to setting a reasonable fee for this action, particularly in light of the stunning success of a verdict for damages of $70 million for ten plaintiffs. Plaintiffs' counsel have faithfully eliminated time spent on the claims of the Plaintiffs who did not prevail. The Plaintiffs who did prevail did not succeed on every claim, but their overall success was of such a magnitude that full compensation is undoubtedly warranted under the rule of *Hensley*: "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440, 103 S. Ct. at 1943 (*see supra* p. 5).

### B. The Prevailing Plaintiffs' Costs

---

[5] The sixth factor was "whether the fee is fixed or contingent," but it was eventually overruled. *Rutherford v. Harris County*, 197 F.3d 173, 193 (5th Cir. 1999) ("the Supreme Court has barred any use of this factor").

[6] The sixth factor was "whether the fee is fixed or contingent," but it was eventually disallowed. *Rutherford v. Harris County*, 197 F.3d 173, 193 (5th Cir. 1999) ("the Supreme Court has barred any use of this factor").

"Costs" in an action of this nature is a slightly misleading term because it includes not just the costs that are available to a prevailing party in a bill of costs under 28 U.S.C. § 1920: all other costs that an attorney would normally charge to a fee-paying client are recoverable as part of the attorney's fee. *See, e.g.*, *Mota v. Univ. of Texas Houston Health Science*, 261 F.3d 512, 529 (5th Cir. 2001) (in a prevailing party fee award under Title VII, 42 U.S.C. § 2000e-5(k), holding that a reasonable attorney's fee includes costs items beyond those allowed under 28 U.S.C. § 1920, including all reasonable costs charged a fee-paying client); *Associated Builders & Contractors, Inc. v. Orleans Parish School Board*, 919 F.2d 374, 380 (5th Cir. 1990) (in a prevailing party fee award under 42 U.S.C. § 1988, affirming the trial court's award of out-of-pocket expenses, including charges for copies, travel and telephone, noting that such items are "plainly recoverable" because they are part of the costs normally charged to fee-paying clients). In addition, § 1988(c) provides explicit statutory authority for awarding "expert fees as part of the attorney's fee."

The total costs—both the costs recoverable only under § 1920 (which listed on a bill of costs on AO Form 133) and the costs recoverable without regard to § 1920—are listed in Exhibit 12, and total $10,280.13. Mr. Sanford attests that the requested costs are for items that his firm—and firms in this legal market—would normally charge to fee-paying clients, and were reasonably necessary for the pursuit of this litigation. B. Sanford Dec. (Exh. 1) at ¶ 12. The Court should award all of them.

### C. Post-Judgment Interest on the Award of Fees and Costs

A prevailing party is entitled to post-judgment interest on an award of fees and costs from the date of the judgment on the merits that establishes the right to the award of fees and costs. *La.*

*Power & Light*, 50 F.3d at 332. Hence, the Court's order on this motion should provide for interest from the date when the final judgment was entered (April 18, 2022).

## Conclusion

The prevailing Plaintiffs' lawyers have fully complied with their obligations in seeking fees and costs in this case. They maintained meticulous, detailed contemporaneous records of their time and expenses. They have exercised billing judgment and deleted from this request time that was unnecessary, duplicative or unreasonable for any reason. And they have sought for themselves (and for others in their firms) billing rates that are consistent with the standard of reasonableness documented in the numerous supporting declarations.

The Court should award fees, costs, and postjudgment interest as set forth below:

a. A fee of 611,140.00, detailed as follows:

| Lawyer | Hours | Rate | Lodestar Fee |
|---|---|---|---|
| Brian P. Sanford | 431.85 | $850 | $367,072.50 |
| Elizabeth "BB" Sanford | 384.55 | $400 | $153,820.00 |
| David B. Norris | 110.70 | $550 | $60,885.00 |
| Amy E. Gibson | 4.80 | $650 | $3,120.00 |
| David L. Wiley | 23.50 | $650 | $15,275.00 |
| James D. Sanford | 7.65 | $550 | $4,207.50 |
| Robert E. McKnight, Jr. | 10.40 | $650 | $6,760.00 |
| **Lodestar Fee** | 973.45 | | $611,140.00 |

b. Costs (including those in the bill of costs) in the total amount of $10,280.13.

c. Postjudgment interest on $621,420.13 from April 18, 2022.

Respectfully submitted,

*/s/ Brian P. Sanford*
Brian P. Sanford

10

        Texas Bar No. 17630700
        Elizabeth "BB" Sanford
        Texas Bar No. 24100618

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, Texas 75201
Telephone: (214) 717-6653
Facsimile: (214) 919-0113
bsanford@sanfordfirm.com
esanford@sanfordfirm.com

*/s/ Robert E. McKnight, Jr.*
        Robert E. McKnight, Jr.
        Texas Bar No. 24051839
Marek, Griffin & Knaupp
203 N. Liberty Street
Victoria, Texas 77901
Telephone: (361) 573-5500
Facsimile: (361) 573-5040
mcknightr@lawmgk.com

**ATTORNEYS FOR PLAINTIFFS JOSHUA YARBROUGH, ET AL.**

## CERTIFICATE OF CONFERENCE

    I certify that I have conferred with opposing counsel concerning the prevailing Plaintiffs' reasonable fees and costs. Opposing counsel advises that her clients oppose the motion in light of the post-judgment motions expected to be filed.

## CERTIFICATE OF SERVICE

    On May 16, 2022, I served the foregoing document with all exhibits on all counsel of record via the Court's electronic filing system.

        */s/ Brian P. Sanford*
        Brian P. Sanford