UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH ET AL. | § | |
| | § | Civil Action 4:19-cv-905-SDJ |
| | § | |
| GLOW NETWORKS, INC., | § | |

## DEFENDANT GLOW NETWORKS, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR REASONABLE FEES AND COSTS

Rachel Z. Ullrich
Texas Bar No. 24003234
RUllrich@fordharrison.com
Buena Vista Lyons
Texas Bar No. 00797630
VLyons@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEYS FOR DEFENDANT**

# **TABLE OF CONTENTS**

I. SUMMARY OF PROCEEDINGS ............................................................................................... 1

II. ARGUMENT AND AUTHORITIES ......................................................................................... 2

   A.   Standard of Review.................................................................................................. 2

   B.   Plaintiffs' Counsels' Proposed Hourly Rates Greatly Exceed Those Awarded In Similar Cases ........................................................................................................................ 4

   C.   Further Reductions Are Appropriate ....................................................................... 7

       1.   Plaintiffs' Success Was Limited In That Numerous Claims Were Voluntarily and Involuntarily Dismissed............................................................................................. 7

       2.   Plaintiffs' Counsel's Vague Time Entries Should Be Cut ......................................... 11

       3.   Administrative/Paralegal/Associate Tasks Performed by High Level Attorneys Should Be Cut............................................................................................................. 13

III. CONCLUSIONS......................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**

*Aguayo v. Bassam Odeh, Inc.*,
   2016 WL 7178967 (N.D. Tex. 2016) .................................................................................... 6
*Am. Zurich Ins. Co. v. Jasso*,
   598 F. App'x 239 (5th Cir. 2015) ........................................................................................ 4
*Back-Up Systems Maintenance, LLC v. Suarez*, Civ. No. 4:21-cv-521-SDJ,
   2022 WL 2119115 (June 13, 2022) ..................................................................................... 7
*Black v. SettlePou, P.C.*,
   No. 3:10-cv-1418-K, 2014 WL 3534991 (N.D. Tex. July 17, 2014) ..................................... 13
*Blum v. Stenson*,
   465 U.S. 886 (1984) ............................................................................................................ 4
*Castro v. Precision Demolition LLC,* Civ. Action. No. 3:15-cv-0213-D,
   2017 WL 6381742 (N.D. Tex. July 11, 2017) ....................................................................... 6
*Combs v. City of Huntington*,
   829 F.3d 388 (5th Cir. 2016) ............................................................................................... 3
*Compass Bank v. 288/59 GP LLC*,
   No. H-09-4099, 2011 WL 739341 (S.D. Tex. Feb. 23, 2011) .............................................. 11
*Crane v. Rave Rest. Group, Inc.*,
   2022 WL 403291 (E.D. Tex. February 9, 2022) .................................................................. 6
*Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*,
   526 F.2d 865 (5th Cir. 1976) ............................................................................................... 4
*Dearmore v. City of Garland,*
   519 F.3d 517 (5th Cir. 2008) ............................................................................................... 3
*Fisher v. Lufkin Industries, Inc.*,
   2018 WL 999960 (E.D. Tex. 2018) ..................................................................................... 5
*Giesler v. Ruiz Food Prods., Inc.*
   4:08-cv-344, 2010 WL 11530946 (E.D. Tex. March 2, 2010) ......................................... 5, 7
*Hilton v. Executive Self Storage Assocs., Inc.*,
   No. H–06–2744, 2009 WL 1750121 (S.D.Tex. June 18, 2009) ........................................... 7
*Jason D.W. ex. rel. Douglas W. v. Houston Indep. Sch. Dist.*,
   158 F.3d 205 (5th Cir. 1998) ............................................................................................... 4
*Jimenez v. Wood Cty.*,
   621 F.3d 372 (5th Cir. 2010) ............................................................................................... 3
*Johnson v. Georgia Highway Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) ............................................................................................... 3
*Kinsel v. Lindsey*,
   526 S.W.3d 411 (Tex. 2017) ................................................................................................ 7
*La. Power & Light Co. v. Kellstrom*,
   50 F.3d 319 (5th Cir. 1995) ................................................................................................. 3
*Lewallen v. City of Beaumont*,
   No. 1:05CV733-TH, 2009 WL 2175637 (E.D. Tex. July 20, 2009) ..................................... 6
*Loranger v. Stierheim*,
   10 F.3d 776 (11th Cir. 1994) ............................................................................................ 12

*Migis v. Pearle Vision*,
   135 F.3d 1041 (5th Cir. 1998) .......................................................................................... 7
*Moctezuma v. Islas,* C.A.,
   No. 4:18-cv-00342-ALM-CAN, 2020 WL 3087136 (E.D. Tex. May 7, 2020) ......................... 5
*Saizan v. Delta Concrete Prods. Co., Inc.*,
   448 F.3d 795 ................................................................................................................. 7
*Stanton v. Jarvis Christian College*, 6:18-cv-479-JDK-JDL, 2020 WL 5269439 (E.D. Tex.
   August 27, 2020)............................................................................................................ 5
*Stancu v. Hyatt Corp./Hyatt Regency, Dallas*,
   2018 WL 5084912 (N.D. Tex. October 18, 2018).................................................................. 6
*Summit Valley Indus., Inc. v. United Bhd. of Carpenters & Joiners*,
   456 U.S. 717 (1982) ....................................................................................................... 3
*Todd v. AIG Life Ins. Co.*,
   47 F.3d 1448 (5th Cir. 1995) ........................................................................................... 3
*Tollett v. City of Kemah*,
   285 F.3d 357 (5th Cir. 2002) ........................................................................................... 4
*Tony Gullo Motors I, L.P. v. Chapa*,
   212 S.W.3d 299 (Tex. 2006)............................................................................................ 7
*Tow v. Speer*,
   No. H-11-3700, 2015 WL 12765414 (S.D. Tex. Aug. 17, 2015) ........................................... 11
*Tranverse, LLC v. Iowa Wireless Serv.'s, LLC*,
   992 F.3d 336 (5th Cir. 2021) ....................................................................................... 7, 8
*Vassallo v. Goodman Networks, Inc.*,
   2016 WL 6037847 (E.D. Tex. 2016) ................................................................................ 5
*Vaughn v. Nebraska Furniture Mart, LLC*,
   2020 WL 1695695 (N.D. Tex. March 12, 2020) ................................................................ 6
*Vela v. City of Houston*,
   276 F.3d 659 (5th Cir. 2001) ......................................................................................... 13
*Walker v. U.S. Dept. of Housing & Urban Dev.*,
   99 F.3d 761 (5th Cir. 1996) .......................................................................................... 13
*Watkins v. Fordice*,
   7 F.3d 453 (5th Cir. 1993) .............................................................................................. 4
*Weeks v. S. Bell Tel. & Tel. Co.*,
   467 F.2d 95 (5th Cir. 1972) ............................................................................................ 4
*Wegner v. Standard Ins. Co.*,
   129 F.3d 814 (5th Cir. 1997) .......................................................................................... 3
*Williams v. Shinseki*,
   Civ. Action No. 3-11-CV0761-D, 2013 WL 1875055 (N.D. Tex. May 6, 2013) .................... 6

**Statutes**

42 U.S.C. § 1981 ............................................................................................................................. 1
42 U.S.C. § 1988(b) ....................................................................................................................... 3

**Rules**

Rule 54(d) of the Federal Rules of Civil Procedure .................................................................... 2
Rule 54(d)(1) .................................................................................................................................. 2
Rule 54(d)(2) .................................................................................................................................. 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JOSHUA YARBROUGH ET AL.** | § | |
| | § | **Civil Action 4:19-cv-905-SDJ** |
| | § | |
| **GLOW NETWORKS, INC.,** | § | |

**DEFENDANT GLOW NETWORKS, INC.'S RESPONSE TO PLAINTIFFS'
MOTION FOR REASONABLE FEES AND COSTS**

Defendant, Glow Networks, Inc., files this Response to Plaintiffs' Motion for Reasonable Fees and Costs[1] and states:

**I.
SUMMARY OF PROCEEDINGS**

This case was brought pursuant to 42 U.S.C. § 1981 for alleged race discrimination, hostile work environment and retaliation. Plaintiffs Matt Lofland ("Lofland") and Joshua Yarbrough ("Yarbrough") originally brought this suit as a class action, but those class claims were voluntarily dismissed over a year after this case was first filed. [Dkt. # 41]. As a result, this became a 14-plaintiff case against CSS Corp. and Glow Networks.

After discovery, Defendants Glow and then-Defendant CSS brought a partial motion for summary judgment. [Dkt. #68] On February 2, 2022, this Court granted that motion, in part, and dismissed certain claims. [Dkt. #89] Specifically, this Court dismissed the racially hostile work environment claims for all the African-American/African Plaintiffs and also dismissed all of the claims of four Plaintiffs – Lee Green, Sterling Vicks, Brett Samuels and Rukevwe Ologban. *Id.* The Court also dismissed the claims of Brandon Price ("Price") arising from his 2017 employment

---

[1] This motion is filed subject to Defendant's Renewed Motion for Judgment as a Matter of Law; or, in the Alternative, Motion for New Trial; or in the Alternative, Motion for Remittitur. (Dkt. #150).

with Glow. *Id.* The case proceeded to trial on February 7, 2022. After Plaintiffs rested their case, Defendants made an oral motion for judgment as a matter of law (see Dkt. #108), which the Court denied. The day after the Court heard argument on Defendants' motion, Plaintiffs stipulated that Plaintiff Joshua Walker's constructive discharge-based discrimination claim and retaliation claim should be dismissed. [Dkt. #110].

At the close of all evidence, Defendants re-urged their motion for judgment as a matter of law under Rule 50(a). As a result, this Court dismissed all claims against CSS, as well as Lofland and Yarbrough's constructive discharge claims. [Dkt. #115].

On February 18, 2022, the jury entered its verdict, finding in favor of each Plaintiff on each of their individual claims. [Dkt. # 121]. The jury also award each Plaintiff the exact same amount of damages regardless of the strengths or weaknesses of their individual claims or evidence related to damages for a total award of $70 million. Although pled, Plaintiffs sought no back pay or other related actual damages at trial.

After this Court entered Judgment, Defendant filed its Renewed Motion for Judgment as a Matter of Law; or in the Alternative Motion for New Trial; or in the Motion for Remittitur. [Dkt. #150]. That motion is still pending. Plaintiffs also filed their Motion for Reasonable Fees and Costs in which Plaintiffs seek $611,140.00 in fees, $10,280.13 in costs and $62,420.13 in post judgment interest as of April 18, 2022. Defendant now files this response subject to its post-judgment motions.

## II.
## ARGUMENT AND AUTHORITIES

**A.   Standard of Review**

Rule 54(d) of the Federal Rules of Civil Procedure governs costs and attorneys' fees. Rule 54(d)(1) allows courts to award costs other than attorneys' fees to prevailing parties. Under the

American Rule, however, prevailing parties generally cannot recover attorneys' fees without a statutory or contractual basis. *Summit Valley Indus., Inc. v. United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982). Rule 54(d)(2) provides the procedure for the prevailing party, by motion, to specify the statute, rule, or other grounds entitling them to the award. Prevailing plaintiffs can recover under Section 1981 by virtue of 42 U.S.C. § 1988(b), which carves out another exception to the American Rule. *Dearmore v. City of Garland,* 519 F.3d 517, 520–21 (5th Cir. 2008). In particular, it "provides that 'the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs." *Id.* (quoting 42 U.S.C. § 1988(b)).

Courts in the Fifth Circuit "apply a two-step method for determining a reasonable attorneys' fee award." *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016) (citing *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)). The Court starts with the lodestar calculation in determining the amount to be awarded. *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1459 (5th Cir. 1995). Under this method, the Court "must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiply the two figures together to arrive at the 'lodestar.'" *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997) (footnote omitted) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). The fee applicant bears the burden of proof on each issue. *See La. Power & Light Co.*, 50 F.3d at 324.

Next, the Court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of the 12 factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). "Many of these factors usually are subsumed

within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex. rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

In the event this Court keeps the current $70 million verdict substantially intact,[2] it should reduce Plaintiffs' requested fees as follows:

**B.  Plaintiffs' Counsels' Proposed Hourly Rates Greatly Exceed Those Awarded In Similar Cases**

Reasonable hourly rates for purposes of the lodestar calculation "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). Unless limited circumstances justify the use of out-of-district counsel, the relevant legal community is the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002); *see also Am. Zurich Ins. Co. v. Jasso*, 598 F. App'x 239, 250 (5th Cir. 2015). "[T]he burden is on the fee applicant to produce satisfactory evidence ... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. Generally, the reasonable hourly rate is established through affidavits of other attorneys of "similar caliber practicing in that community." *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993). However, "the district court is itself an expert in assessing these matters." *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976), citing *Weeks v. S. Bell Tel. & Tel. Co.*, 467 F.2d 95, 98 (5th Cir. 1972) ("The court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value.").

---

[2] Defendant reserves the right to supplement/amend this filing in the event this Court dismisses certain Plaintiffs, eliminates certain claims or reduces any Plaintiff's monetary recovery pursuant to Defendant's post-judgment motions.

DEFENDANT GLOW NETWORKS, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR REASONABLE FEES AND COSTS – Page 4

Plaintiffs seek the following hourly fees for the following attorneys:

| Attorney | Degree | Rate |
|---|---|---|
| Brian P. Sanford | JD, 1986 | $850.00 |
| Elizabeth "BB" Sanford | JD, 2017 | $400.00 |
| David B. Norris | JD, 2011 | $550.00 |
| Amy E. Gibson | JD, 1995 | $650.00 |
| David L. Wiley | JD, 1996 | $650.00 |
| James D. Sanford | JD, 2005 | $550.00 |
| Robert E. McKnight, Jr. | JD, 1992 | $650.00 |

Plaintiffs' counsels' requested fees of between $850 and $400 per hour far exceed fee awards in other employment cases in the Eastern District of Texas:

- *Stanton v. Jarvis Christian College*, 6:18-cv-479-JDK-JDL, 2020 WL 5269439 (E.D. Tex. August 27, 2020) ($267.74 per hour in FMLA case)[3]

- *Moctezuma v. Islas,* C.A. No. 4:18-cv-00342-ALM-CAN, 2020 WL 3087136 (E.D. Tex. May 7, 2020) (between $207 to $405 per hour in FLSA case)

- *Fisher v. Lufkin Industries, Inc.*, 2018 WL 999960 (E.D. Tex. 2018) ($500 and $300 per hour in age discrimination case)

- *Vassallo v. Goodman Networks, Inc.*, 2016 WL 6037847 (E.D. Tex. 2016) ($275 per hour for an attorney with nineteen years of experience; $325 per hour for an attorney with twenty years of experience; $400 per hour for an attorney with seven years of experience; and $450 per hour for an attorney with twenty-four years of experience in FLSA case)

- *Giesler v. Ruiz Food Prods., Inc.,* 4:08-cv-344, 2010 WL 11530946 (E.D. Tex. March 2, 2010) ($350 in sex discrimination case)

---

[3] In *Stanton,* the Court used the State Bar of Texas Hourly Fact sheet publication for guidance. *See* STATE BAR OF TEX., 2015 HOURLY RATE FACT SHEET (Aug. 2016), *available at* https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=34182 . The Court in *Stanton*, took the median rate for a labor and employment attorney in the East & Northeast Texas MSAs ($240) compared it to the median rate for the attorney's level of experience ($235) and used the median of those two rates to obtain a $237.50 hourly rate which is adjusted for inflation using https://www.officialdata.org/Legal-services/price-inflation/2015-to-2019?amount=237.50. Using that same methodology, Mr. Stanford's hourly rate for 2022 would be $311.38 using East & Northeast Texas MSAs or $380.92 using DFW-Arlington MSAs.

- *Lewallen v. City of Beaumont*, No. 1:05CV733-TH, 2009 WL 2175637, at *13 (E.D. Tex. July 20, 2009) (awarding $350 per hour in employment law case involving Texas Labor Code and Equal Protection Clause)

Apparently unhappy with the awards the Eastern District has made in employment law cases, Plaintiffs argue that this Court should instead consider cases out of the Northern District of Texas. However, even considering cases out of the Northern District of Texas, the results are similar:

- *Vaughn v. Nebraska Furniture Mart, LLC,* 2020 WL 1695695 (N.D. Tex. March 12, 2020) ($500 per hour in race discrimination/retaliation suit)

- *Stancu v. Hyatt Corp./Hyatt Regency, Dallas*, 2018 WL 5084912 (N.D. Tex. October 18, 2018). ($585 per hour (partner at Jackson Walker) and $265 per hour (associate at Jackson Walker) for motion to compel discovery against Plaintiff in a discrimination case)

- *Castro v. Precision Demolition LLC,* Civ. Action. No. 3:15-cv-0213-D, 2017 WL 6381742 (N.D. Tex. July 11, 2017) ($350 for attorneys with over 11 years' experience and $ 230 for attorney will less than two years' experience in FLSA case)

- *Aguayo v. Bassam Odeh, Inc.* 2016 WL 7178967 (N.D. Tex. 2016) ($700 per hour to Russell Budd of Barron & Budd (who had minimal hours) then between $400 to $285 for all other attorneys in FLSA collective action case).

Most notable, in *Williams v. Shinseki,* Civ. Action No. 3-11-CV0761-D, 2013 WL 1875055 (N.D. Tex. May 6, 2013), a Title VII retaliation case, Mr. Sanford and Mr. Norris were awarded $350/hr. and $200/hr. respectively. Using the same inflation calculator as in *Stanton,* these hourly rates, adjusted for inflation, would amount to $439.18 and $250.96 today. This is the appropriate range of fees in this case, and not what Plaintiffs propose.

Plaintiffs rely heavily on *Crane v. Rave Rest. Group, Inc.*, 2022 WL 403291 (E.D. Tex. February 9, 2022), as support for their high hourly rate.[4] Crane was essentially a commercial litigation matter -- a complex breach of contract suit involving stock options and not a simple

---

[4] Notably, in *Crane* the plaintiffs sought a blended rate of $500 per hour related to its fee petition. Due to Mr. Sanford's "hands on" involvement in every stage of this litigation including drafting basic discovery and motions, this type of blended rate sought may be alternatively approximate here.

DEFENDANT GLOW NETWORKS, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR REASONABLE FEES AND COSTS – Page 6

employment case as this one was. In fact, the only thing complex about this garden variety race discrimination/retaliation litigation was the number of Plaintiffs in it. But that complexity[5] was Plaintiffs' own choosing and not something which should enhance the hourly rate.

C.  **Further Reductions Are Appropriate**

1.  **Plaintiffs' Success Was Limited In That Numerous Claims Were Voluntarily and Involuntarily Dismissed**

"The most important [*Johnson*] factor to consider is the degree of success obtained. If the success is limited, the lodestar should be reduced to reflect that. But the fee award need not be precisely proportionate to the result obtained." *Hilton v. Executive Self Storage Assocs., Inc.,* No. H–06–2744, 2009 WL 1750121, at *8 (S.D.Tex. June 18, 2009) (citing *Saizan v. Delta Concrete Prods. Co., Inc.,* 448 F.3d 795, 802–03 & n. 42 (5th Cir. 2006)). Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Migis v. Pearle Vision*, 135 F.3d 1041, 1048 (5th Cir. 1998). "[W]hen a party bringing multiple claims does not prevail on all claims, the party must segregate attorney's fees to the extent feasible." *Back-Up Systems Maintenance, LLC v. Suarez*, Civ. No. 4:21-cv-521-SDJ, 2022 WL 2119115 (June 13, 2022), *citing Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 313-14 (Tex. 2006). An exception to the fee-segregation requirement exists "when the fees are based on claims arising out of the same transaction that are so intertwined and inseparable as to make segregation impossible." *Tranverse, LLC v. Iowa Wireless Serv.'s, LLC*, 992 F.3d 336, 344 (5th Cir. 2021) (citing *Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017)). However, the exception requires more than a "common set of underlying facts[;]" "it is only when discrete legal services

---

[5] The "novelty and difficulty of the questions" is #2 of the *Johnson* factors.

advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Id.* (alterations in the original) (internal citations omitted). Whether claims are so intertwined is a "mixed question of law and fact." *Id.* (citing *Chapa*, 212 S.W.3d at 313).

While the Plaintiffs want this Court to focus on the size of the jury's verdict, the fact remains that throughout this litigation many of Plaintiffs' claims were either voluntarily dismissed by Plaintiffs themselves or involuntarily dismissed by this Court. These dismissed claims include:

1. Plaintiffs' original class claims which Plaintiffs Lofland and Yarbrough pursued for one year before voluntarily dismissing by amendment.

2. The voluntary dismissal of the constructive discharge claim of Plaintiff Joshua Walker during trial;

3. Voluntary dismissal of all Plaintiffs' claims for lost wages;

4. All claims made by the following Plaintiffs:

    a. Lee Green,

    b. Sterling Vicks,

    c. Brett Samuels, and

    d. Rukevwe Ologban

5. All black Plaintiffs' hostile work environment claims;

6. Plaintiff Brandon Price's 2017 employment claims;

7. Plaintiff Joshua Yarbrough's constructive discharge claim;

8. Plaintiff Matt Lofland's constructive discharge claim;

9. Plaintiff Adawale Ashiru's retaliation claim; and,

10. All claims against Defendant CSS.

Accordingly, the following reductions are appropriate related to Plaintiff's voluntarily dismissed claims:

| Date | Timer | Description | Time |
|---|---|---|---|
| 9/23/19 | BPS[6] | Reviewed client documents and memos in preparation of complaint (Doc. 1) (0.30); preparation of draft of complaint (Doc. 1) (2.00) | 2.3 |
| 10/3/19 | BPS | Preparation of original complaint (Doc. 1) (0.80) | .8 |
| 12/5/19 | BPS | Preparation of complaint (0.50) | .5 |
| 12/6/19 | BPS | Preparation of original complaint (1.5) | 1.5 |
| 12/6/19 | DPN | Prepared portions of Plaintiff's complaint and jury demand (Doc. 1) (1.00); started civil cover sheet[7] (0.20) | 1.2 |
| 12/10/19 | BPS | Preparation of complaint (1.00) | 1.0 |
| 12/10/19 | DBN | Completed preparation of complaint and jury demand (Doc. 1) (0.80); preparation of civil cover sheet for Eastern District (.02)[8] | 1.0 |
| 2/18/20 | BPS | Received and examined motion to dismiss (Doc. 7) and compared to pleading (.04); telephone conference with Yarbrough re procedural issues (.02) | .6 |
| 3/2/20 | BPS | Reviewed motion to dismiss for response (Doc. 7) | .2 |
| 3/10/20 | DBN | Prepared first amended complaint (Doc. 10) (2.5): email exchange with Matt Lofland re first amended complaint (.05); telephone conference with Matt Lofland (0.20) | 2.5 |
| 3/10/20 | BPS | Reviewed client documents in re first amended complaint (Doc. 10) (.03); telephone conference with Yarbrough re amended complaint (.04); finalize first amended complaint (1.0) | 1.7 |
| 3/10/20 | BPS | Preparation of response to motion to dismiss | 1.0 |
| 7/19/21 | BBS | Review and analyze plaintiff's documents production regarding lost wages (1.5); correspond with plaintiffs regarding same (.03) | 1.8 |

Plaintiffs argue that it was impossible for them to segregate certain time for their involuntarily dismissed claims but that is not the case. For example, certain time related to now dismissed Defendant CSS can easily be segregated as relating to only CSS:

| 7/10/20 | BBS | Draft CSS 30b6 deposition notice with topics | .5 |
|---|---|---|---|
| 7/22/20 | BBS | Research potential 30b6 topics in preparation for noticing CSS;s corporate representative (1.00); edit CSS's corporate representative accordingly (.04) | 1.4 |
| 8/25/20 | BBS | Revise CSS 30b6 deposition notice (.02) | .2 |

---

[6] It is unclear why this associate-level work was by Mr. Sanford as opposed to Mr. Norris or Ms. Sanford, who bill at a much lower rate.
[7] The preparation of civil cover sheet is an administrative task.
[8] This appears to be a duplicative entry for preparation of the civil cover sheet.

DEFENDANT GLOW NETWORKS, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR REASONABLE FEES AND COSTS – Page 9

Further, while Plaintiffs did cut certain time related to certain dismissed Plaintiffs, they failed to cut all of this time. For example,

| 5/19/21 | BPS | Reviewed documents in preparation of depositions (.8) (following entries indicate this for Plaintiff Lee Green's deposition); telephone conference with Stein re witness (.2) (unclear who Stein is) | 1.0 |
| --- | --- | --- | --- |
| 7/23/21 | BBS | Conference with Rukevwe in preparation for deposition (.6) | .6 |
| 7/23/21 | BPS | Reviewed pleadings and document production in preparation for deposition (.8); conference with Ruke re claims and deposition (2.5) | 3.3 |
| 7/28/21 | BPS | Reviewed pleadings, depositions, and document production in preparation for depositions (following entry indicates this relates to dismissed Plaintiff Brett Samuels' deposition) | 1.0 |
| 8/4/21 | BPS | Preparation for depositions (1.); reviewed notes from depositions (.5); conference with [dismissed Plaintiff] Lee [Green] re deposition (1.4) | 2.0 |

Plaintiffs also seek their fees related to Defendants' motion for partial summary judgment claiming that this time is so intertwined with the claims that ultimately went to trial that they could not be properly segregated. This argument, however, ignores that this Court wholly granted that motion and dismissed all the claims and all the Plaintiffs Defendants sought to be dismissed in that motion except for a very narrow claim brought by Plaintiff Brandon Price regarding his 2019 employment which was wholly unrelated to any of the other Plaintiff's claims. Accordingly, all of the time related to Plaintiffs' counsel's work on the motion for partial summary judgment should be eliminated or, at the very least, significantly reduced:

| Date | Timer | Description | Time |
| --- | --- | --- | --- |
| 9/22/21 | BPS | Preparation of response to MSJ | 1.50 |
| 9/22/21 | BBS | Continue drafting response to partial MSJ | 2.10 |
| 9/23/21 | BBS | Continue researching case law in support of hostile work environment section for response to partial MSJ (1.10); continue drafting same (3.70) | 4.80 |
| 9/23/21 | BBS | Group conference with plaintiffs to discuss same, case status, and potentially dropping lost wages claim. | 1.00 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| 9/23/21 | BPS | Preparation of response to MSJ (4.50); emails with clients re: MSJ issues (.8); Zoom conference with clients re: MSJ and trial issues (1.00) | 6.30 |
| 9/24/21 | BPS | Preparation of response to MSJ (6.50); preparation of witness declarations (1.50); telephone conference with Brown re: declaration (.2); telephone conference with Lofland re: declaration (.3); preparation of appendix (1.00) | 9.50 |
| 9/24/21 | BBS | finish drafting hostile work environment section in response to partial MSJ (3.80); research case law in preparation to draft constructive discharge section in response to same (2.20); draft same (4.20); edit and revise response (1.00); finalize exhibits in preparation to file (2.10) | 13.3 |
| 10/6/21 | BPS | Received and examined Reply to Response to MSJ (.2); received and examined objections to plaintiffs' MSJ evidence (.2) | .4 |
| 10/13/21 | BBS | Draft response to defendants' objections to plaintiffs' summary judgment evidence (1.50); edit and finalize same in preparation to file (.5); draft proposed order for same (.6); edit and finalize same in preparation to file (.3); review and analyze defendants' reply to plaintiffs' response to defendants motion for summary judgment (.5) | 3.40 |
| 10/13/21 | BPS | Preparation of Response to Objections to Evidence (1.00); preparation of Sur-Reply to Response to MSJ (3.50) | 4.50 |
| 2/2/22 | BPS | Received and examined Order on Motion for Summary Judgment (.3); researched issues related to Summary Judgment (.5) | .8 |
| 2/3/22 | JDS | Read MSJ memorandum opinion and review underlying briefing for case background (1.00 reduced to .5) | .5 |

### 2. Plaintiffs' Counsel's Vague Time Entries Should Be Cut

In a request for attorneys' fees, if the supporting documentation is too vague to permit meaningful review then courts may properly reduce or eliminate hours. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995). The Court should "exclude all time that is excessive, duplicative, or inadequately documented." *Combs v. City of Huntington Texas,* 829 F.3d 388, 392 (5th Cir. 2016) (internal quotations and citations omitted). And in doing so, the Court may make line-item cuts or "use 'a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions, particularly when fee documentation is voluminous.'" *Tow v. Speer*, No. H-11-3700, 2015 WL 12765414, at *6 (S.D. Tex. Aug. 17, 2015) (quoting *Compass*

*Bank v. 288/59 GP LLC*, No. H-09-4099, 2011 WL 739341, at *2 (S.D. Tex. Feb. 23, 2011)); *see also Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) ("Where fee documentation is voluminous ... an hour-by-hour review is simply impractical and a waste of judicial resources."). Plaintiffs bear the "burden of establishing the appropriate hours." *Tow*, 2015 WL 12765414, at *6 (citing *Saizan*, 448 F.3d at 799).

Plaintiffs' counsels' failure to identify the Plaintiff for which work was performed makes certain time entries impermissibly vague as it is impossible for this Defendant or this Court to determine if this was work performed on behalf of dismissed Plaintiffs or "potential plaintiffs" who were never made part of this lawsuit. This time is easily able to be segregated as Plaintiffs' counsels specifically identified individual Plaintiffs throughout their time entries and cut time for the dismissed Plaintiffs accordingly. As such, these vague entries should due to Plaintiffs' counsels' failure to segregate.

| 5/13/20 | BPS | Telephone conference with potential plaintiff re: claims | .5 |
|---|---|---|---|
| 5/14/20 | DBN | Conference call with potential plaintiffs (1.1); made notes of call (.2) | 1.3 |
| 5/14/20 | BPS | Telephone conference with potential plaintiffs | .5 |
| 5/15/20 | BPS | Telephone conference with several potential plaintiffs about claims and intervention | 2.5 |
| 5/18/20 | BPS | Telephone conference with potential plaintiffs | 1.2 |
| 5/20/20 | BPS | Telephone conference with potential plaintiffs | 1.5 |
| 5/21/20 | BPS | Telephone conference with potential plaintiffs | 1.5 |
| 5/22/20 | BPS | Telephone conference with potential plaintiffs | 1.8 |
| 3/17/21 | BPS | Preparation of discovery responses | .5 |
| 3/17/21 | BBS | Conference with client regarding finalizing response to his first set of interrogatories (.3); review and organize documents obtained from client in preparation to produce in Plaintiffs' response to Defendants' document requests (.6); conference with client | .9 |
| 3/18/21 | BPS | Preparation of discovery responses | .5 |
| 3/18/21 | BBS | Finalize responses for requests for three clients (1.5); conference with client (.2); continue drafting interrogatory responses regarding same (1.5) | 3.2 |

| Date | Timer | Description | Time |
|---|---|---|---|
| 3/31/21 | BBS | Conference with client to answer Interrogatories (1.1); edit and finalize same (1.5); correspond with client (.2) | 3.0 |
| 4/1/21 | DBN | Completed Response to Interrogatories, Response to RFPs (1.2); prepared document production (4.2 | 5.3 |
| 4/1/21 | BPS | Preparation of Response to Requests for Production | .5 |
| 4/27/21 | BBS | Correspond with client | .2 |
| 5/3/21 | BBS | Correspond with plaintiff | 1.6 |
| 5/11/21 | BPS | Reviewed pleadings and document production in preparation for meeting with clients (.5); conference with clients re claims and depositions (1.00) | 1.5 |
| 7/13/21 | BPS | Emails with clients re mediation issues. | .2 |
| 7/13/21 | BPS | Emails with clients re mediation (duplicate entry) | .3 |
| 8/30/21 | BBS | Correspond with 6 clients regarding their deposition changes | .5 |

**3. Administrative/Paralegal/Associate Tasks Performed by High Level Attorneys Should Be Cut**

While Plaintiffs claim their attorneys used reasonable judgment in reducing their time, Plaintiffs' attorneys also attempt to recover for numerous entries at high level attorney rates for work that could have easily been performed by an associate or paralegal. While Mr. Sanford's myriad of .1's for examining basic court orders may seem like a small quibble when realized as $85 for a few seconds of review is preposterous. Further, clerical work performed by attorneys and paralegals "is not recoverable in an award of attorneys' fees." *Black v. SettlePou, P.C.*, No. 3:10-cv-1418-K, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014) (citing *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) ("Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical.")). For example,

| Date | Timer | Description | Time |
|---|---|---|---|
| 1/20/20 | DBN | Email exchange with process server re service of Glow Networks | .2 |
| 1/20/20 | BPS | Reviewed service of process issues | .2 |
| 1/21/20 | BPS | Telephone conference with process server re process issues and avoidance by Glow Networks | .2 |
| 2/4/20 | BPS | Received and examined motion to extend | .2 |
| 2/4/20 | BPS | Received and examined order granting defendant extension of time to answer (Doc. 6) | .1 |
| 2/21/20 | BPS | Received and examined Order Governing Proceedings (Doc. 9) | .1 |
| 4/3/20 | BPS | Received and examined court order on Defendants' extension | .1 |

| | | | |
|---|---|---|---|
| 4/3/20 | BPS | Received and examined Court notice of hearing | .1 |
| 4/6/20 | BPS | Reviewed hearing instructions (.10); emails with Judicial Assistant re status hearing (.1) | .2 |
| 10/7/20 | BPS | Received and examined order setting hearing on 10/22/2020 | .1 |
| 10/20/20 | BPS | Reviewed local rules for amended complaint | .2 |
| 2/2/21 | BSP | Received and examined order denying motion to dismiss | .1 |
| 5/5/21 | BPS | Received and examined notice of depositions | .1 |
| 5/24/21 | BPS | Researched issued about witness information and contact (.3); telephone conference with process server re witness (.2) | .5 |
| 8/20/21 | BPS | Received and examined order granting motion to extend discovery | .1 |
| 10/1/21 | BPS | Received and examined Defendant's Motion to Extend (.1) | .1 |
| 10/6/21 | BPS | Received and examined Order resetting trial date and deadlines. (.1) | .1 |
| 10/20/21 | BPS | Received and examined order granting defendant an extension (.1) | .1 |

## III.
## CONCLUSIONS

Time will tell whether Plaintiffs ultimately end up being "prevailing parties" in this litigation. Should this Court, however, ultimately decide that Plaintiffs are entitled to fees and costs, such fees must be reasonable. Accordingly, subject to this Court's rulings on the post-judgment motions currently before it, Defendants move that Plaintiffs' counsels' requested hourly rate be reduced to rates consistent with this District and that Plaintiffs' fees be cut as more thoroughly set forth above.

FOR THESE REASONS, Defendant moves this Court, to the extent necessary and applicable once the post-judgment motions are ruled upon, reduce Plaintiffs' requested fees and for any other relief to which Defendant has shown itself justly entitled.

>
> Respectfully submitted,
>
> By: */s/ Rachel Z. Ullrich*
> Rachel Z. Ullrich
> Texas Bar No. 24003234
> RUllrich@fordharrison.com
> Buena Vista Lyons
> Texas Bar No. 00797630
> VLyons@fordharrison.com
>
> **FORDHARRISON LLP**
> 1601 Elm Street, Suite 4450
> Dallas, Texas 75201
> Telephone: (214) 256-4700
> Facsimile: (214) 256-4701
>
> **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2022 a true and correct copy of the above foregoing instrument was filed with the Clerk of Court by using the CM/ECF system, which will send notification of such filing to all counsel of record.

>
> */s/ Rachel Z. Ullrich*
> Rachel Z. Ullrich

WSACTIVELLP:13188862.1