UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH, <br> and MATT LOFLAND, et. al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> CSS CORP., and <br> GLOW NETWORKS, INC., <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action 4:19-cv-905 <br><br><br> JURY DEMANDED |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE**
**DEFENDANT'S POST JUDGMENT MOTIONS**

TO THE HONORABLE SEAN D. JORDAN:

Plaintiffs supplement their response to Defendant Glow Networks, Inc's Motion to Judgment as a Matter of Law; or, in the Alternative, Motion for New Trial; or, in the Alternative, Motion For Remittitur (Dkt. #150).

Judge Reed O'Connor recently denied a motion for new trial, for remittitur, or to alter or amend a judgment that had a similar argument to Glow Network's argument against the award of noneconomic damages based on the maximum recovery rule. *See Le v. United States*, No. 4:22-CV-00147-O, 2023 WL 8705658, at *1-3 (N.D. Tex. Dec. 15, 2023). After a bench trial concerning injuries sustained in a motor vehicle collision case, the Court awarded $1,500,000 for the plaintiff's past physical pain and suffering, $3,900,000 for

future physical pain and suffering, $750,000 for past mental anguish, $500,000 for future mental anguish, $2,000,000 for past physical impairment, $5,200,000 for future physical impairment, $500,000 for past disfigurement, $1,300,000 for future disfigurement, $500,000 for past loss of consortium, and $2,000,000 for future loss of consortium. *Id.* at *5, 7, 9-10. The defendant moved to reduce the award under the Fifth Circuit's "loosely defined 'maximum recover rule.'" *See id* at *4 (quoting *Lebron v. United States*, 279 F.3d 321, 326 (5th Cir. 2002).

After comparing the award to other cases, the Court noted that the rule permits the Court to depart from the ceiling on account of unique facts that are not present in other cases. *Id.* at *6 (citing *Lebron*, 297 F.3d at 326). The Court then declined to reduce the physical pain and mental anguish, finding that the amount awarded is not disproportionate to a sufficiently factually similar case. *Id.* at *7. The Court also refused to reduce the amounts awarded for physical impairment, disfigurement, or loss of consortium because they were less than 150 percent of comparable awards. *Id.* at *7, 9. As for loss of consortium, the Court further found that the rule permitted departure from the maximum recovery rule for unique facts (exacerbating factual peculiarities) not reflected in another case. *Id.* at *10-11.

The unique facts of the Plaintiffs in this case include gaslighting, being laughed at, called names, camera monitored, sham investigations, terminated for false reasons, and refusing to restore their reputation by returning them to work developing frustration, anxiety, depression, nightmares, tears, thoughts of a new kind of slavery, lost reputation,

and damage to dignity each peculiar to the circumstances are just some of the unique facts of the case. Part of the reason for the inapplicability of other cases is that the sample size is too small. Not enough cases have set the first base line. This is a case to set a new base line based on these facts. For the reasons given by the Court in the *Le* case, as well as the arguments made in previous briefing by Plaintiffs, the motion should be denied.

WHEREFORE, Plaintiffs request that the motions be denied.

Respectfully submitted,

/s/ Brian Sanford
Brian Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com

THE SANFORD FIRM
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:  (214) 717-6653
Fax: (214) 919-0113

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served via electronic filing on December 19, 2023 to counsel of record.

/s/  Brian P. Sanford