UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA YARBROUGH, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:19-CV-905-SDJ |
| | § | |
| GLOW NETWORKS, INC. | § | |

**FINAL JUDGMENT AS TO CERTAIN CLAIMS UNDER RULE 54(b)**

## I. BACKGROUND

Plaintiffs,[1] a group of fourteen former employees of Defendant Glow Networks, Inc., brought this lawsuit against Glow to redress alleged violations of 42 U.S.C. § 1981. Plaintiffs alleged that Glow unlawfully discriminated against them based on their race, retaliated against them for opposing Glow's actions, and/or fostered a hostile work environment.

Prior to trial, certain claims were dismissed through summary-judgment practice. During trial, and through pre-judgment and post-judgment rulings, the Court ultimately dismissed nearly all of Plaintiffs' remaining claims. Two Plaintiffs' retaliation claims remain pending before the Court. As to these remaining retaliation claims, the Court has granted Glow's motion for new trial.

**A. Claims Dismissed Prior To The Jury's Verdict**

Prior to trial, the Court granted in part a motion for partial summary judgment. Specifically, the Court dismissed (1) all claims asserted by Plaintiffs Lee

---

[1] Plaintiffs are Joshua Yarbrough, Matt Lofland, Joshua Walker, Brandon Price, Michael Brown, Brett Samuels, Sterling Vicks, Adawale Ashiru, Will Aigheyisi, Harom Pringle, Rukevwe Ologban, Peter Tijani, Paul Tijani, and Lee Green.

1

Green, Sterling Vicks, Brett Samuels, and Rukevwe Ologban, (2) hostile work environment claims asserted by Joshua Yarbrough, Joshua Walker, Michael Brown, Adawale Ashiru, Peter Tijani, Paul Tijani, Brandon Price, Harom Pringle, and Will Aigheyisi, and (3) Price's race discrimination claim predicated on his 2018 resignation.[2] *Yarbrough v. CSS Corp.*, No. 4:19-CV-905, 2022 WL 326141 (E.D. Tex. Feb. 2, 2022).

Following this ruling, the ten remaining Plaintiffs proceeded to trial. However, several claims were dismissed before jury deliberations commenced, including Walker's constructive discharge-based discrimination claim and retaliation claim, (Dkt. #110), and (1) all claims against Defendant SlashSupport Inc., (2) Lofland's constructive discharge-based retaliation claim, (3) Yarbrough's constructive discharge-based discrimination claim, (4) Ashiru's retaliation claim, and (5) retaliatory harassment claims asserted by Peter Tijani, Paul Tijani, and Aigheyisi, (Dkt. #115).

## B. The Jury's Verdict and the Parties' Post-Trial Motions

The jury returned a verdict in favor of Plaintiffs on all surviving claims, finding that Glow violated Section 1981 by (1) discriminating against Yarbrough, Brown, Paul Tijani, Peter Tijani, Walker, Price, Ashiru, Aigheyisi, and Pringle, and (2) retaliating against Peter Tijani, Paul Tijani, Lofland, and Aigheyisi. The jury awarded a total of $70,000,000 distributed evenly to the ten Plaintiffs.

---

[2] The Court denied summary judgment as to Price's race discrimination claim predicated on his 2019 termination from Glow.

2

Glow subsequently filed its Motion For Judgment As A Matter Of Law; Or, In The Alternative, Motion For New Trial; Or In The Alternative, Motion For Remittitur, which the Court granted in part and denied in part. *Yarbrough v. Glow Networks, Inc.*, No. 4:19-CV-905, 2024 WL 896747 (E.D. Tex. Mar. 1, 2024). The Court granted judgment as a matter of law with respect to all Plaintiffs' discrimination claims and Paul Tijani's and Lofland's retaliation claims. Pursuant to Federal Rule of Civil Procedure 50(c)(1), the Court conditionally granted Glow's motion for a new trial as to these claims. (Dkt. #192). The Court denied the motion for judgment as a matter of law with respect to Peter Tijani's and Aigheyisi's retaliation claims. However, the Court ordered that these retaliation claims be retried as to both liability and damages.

Plaintiffs then moved the Court to certify for appeal its post-trial orders pursuant to 28 U.S.C. § 1292(b). The Court denied the motion after concluding that there is no "controlling question of law as to which there is substantial ground for difference of opinion." (Dkt. #194) (quoting § 1292(b)). At the same time, the Court informed the parties that it was considering entering final judgment pursuant to Federal Rule of Civil Procedure 54(b) on all claims that had been fully disposed of, and it requested briefing regarding the parties' positions on this issue. (Dkt. #195). Plaintiffs responded that they believe Rule 54(b) judgment is appropriate. Glow responded that Rule 54(b) judgment is inappropriate, and instead requested that the Court retry Peter Tijani's and Aigheyisi's retaliation claims this Fall. Having

considered the parties' briefs and arguments, as well as applicable law, the Court concludes that certifying appeal pursuant to Rule 54(b) is appropriate.

## II. LEGAL STANDARD

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." By its terms, Rule 54(b) requires that (1) the item at issue be a "final judgment" and (2) "there [be] no just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). As the Supreme Court has explained, a "judgment," as referenced in Rule 54(b), is a "decision upon a cognizable claim for relief," which must be "final" in the sense that it constitutes "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id*. at 7 (internal quotation marks and citation omitted).

Once having found finality, the district court determines whether there is any just reason for delay. *Id*. at 8. "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Id*. (internal quotation marks and citation omitted); *see also H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988). In making this decision, the court takes account of both judicial administrative interests and equitable considerations. *Id*. Thus, courts will examine factors such as whether the claims under review are separable from others that remain to be adjudicated and whether there is a danger of piecemeal appeals. However, even

where there may be some risk that Rule 54(b) certification could mean an appellate court would "face the same issues on a subsequent appeal," such a risk "might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." *Id.* at 8 n.2 (citing *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 450 n.5, 76 S.Ct. 904, 100 L.Ed. 1311 (1956)).

### III. DISCUSSION

Because this case consists of multiple parties and multiple claims, and the Court has entered final judgment on nearly every claim and as to all but two Plaintiffs, it falls well within Rule 54(b)'s purview.

### A. Finality

Certification under Rule 54(b) first requires the presence of a "final judgment." *Curtiss-Wright*, 446 U.S. at 7. This requirement is met. Every claim asserted by fourteen Plaintiffs—except for Peter Tijani's and Will Aigheyisi's retaliation claims—has been fully decided. Thus, the Court's orders fully resolving these claims, including all hostile-work-environment and discrimination claims asserted by Plaintiffs and nearly all retaliation claims, constitute "final judgments" as to those claims and Plaintiffs.

### B. No Just Reason For Delay

The second prong of the Rule 54(b) analysis requires the Court to consider whether there is "any just reason for delay." There is not. This suit has been pending since December 2019—nearly four-and-a-half years. Some Plaintiffs have been waiting to appeal their claims since at least February 2022, when the Court ruled on

Glow's motion for partial summary judgment. With the vast majority of the claims having been fully adjudicated, now is an appropriate time for Plaintiffs to appeal. If the Court instead decided to retry the two remaining claims first, the Plaintiffs ready to appeal would likely have to wait another eight months to one year to do so, given the Court's calendar and the preparation time needed by the parties, together with expected post-trial motion practice.

Further, the risk that the Fifth Circuit will have to decide the same issue in this case more than once is low. Although the legal and factual issues in the fully-resolved claims and the claims to be retried are nearly identical, the "Supreme Court has explicitly recognized that the fact that a similar claim remains before the district court does not necessarily preclude Rule 54(b) certification." *H & W Indus.*, 860 F.2d at 175. Here, the Court believes that the similarities between the claims on appeal under Rule 54(b) and the claims to be retried reduce the risk of piecemeal appeals, as the Fifth Circuit's decision will guide the Court and the parties on the claims to be retried. This guidance may "facilitate a settlement of the remainder of the claims," *Curtiss-Wright*, 446 U.S. at 8 n.2, or otherwise prove instrumental to a speedy and final resolution of those claims.

In sum, with all claims fully resolved as to twelve of the fourteen Plaintiffs in this case—and only two claims and two Plaintiffs remaining—the Court concludes that Rule 54(b) certification is appropriate. The claims have been fully resolved by final judgments, and the judicial administrative interests and equities favor an immediate appeal. The Fifth Circuit's ruling on these claims will provide significant

guidance on the remaining claims, which will likely facilitate settlement or otherwise lead to an efficient disposition of this case. Therefore, the Court will certify all fully resolved claims for appeal.

## C. The Claims To Be Retried Will Be Stayed Pending Appeal.

Because the Fifth Circuit's decision will provide guidance on the remaining claims, the Court finds that the remaining claims should not be retried until the Fifth Circuit renders its decision. The Court will therefore stay the remaining claims pending appeal.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **CERTIFIES** that, except for Peter Tijani's and Will Aigheyisi's retaliation claims, all claims have been resolved by final judgments for purposes of Federal Rule of Civil Procedure 54(b), and that there is no reason for delaying an appeal of those claims.

It is **ORDERED** that Peter Tijani's and Will Aigheyisi's retaliation claims are **STAYED** pending appeal of all claims for which there has been a final judgment.

**So ORDERED and SIGNED this 15th day of May, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE